Saul S. Streit, J.
This is an application by a stockholder of respondent for an inspection of the ‘ ‘ stock books ’ ’ of respondent, and for a stay of the annual stockholders’ meeting until after the completion of the inspection.
At one time the right of a stockholder to inspect the stock books of his company, which show the names and addresses of the stockholders and their shareholdings, was absolute and not discretionary (Henry v. Babcock & Wilcox Co., 196 N. Y. 302). The holding in the cited case was predicated upon the fact that the statute then in force conferred the right of inspection upon a stockholder without any qualifications as to motive or otherwise (p. 305). The present statute (Stock Corporation Law, § 10) does, however, impose certain restrictions upon a stockholder’s right to inspect the stock books. One of these is that “ such inspection shall not be for the purpose of communicating with stockholders in the interest of a business or object other than the business of the corporation ” (italics supplied). This restriction is similar to the common-law requirement of good faith imposed by the courts in connection with stockholders’ applications to inspect corporate books of account and records other than the “stock” books (Matter of Steinway, 159 N. Y. 250 ; Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464 ; Matter of Schulman v. Dejonge & Co., 270 App. Div. 147).
*513 Petitioner alleges that the purpose of the inspection sought is to enable petitioner to call to the attention of his fellow stockholders, prior to the annual meeting, the fact that one of the persons nominated to be a director of respondent corporation is a partner in a law firm which represents another company with which respondent does a substantial amount of business and that said nominee, if elected, would be serving two masters with conflicting interests. Petitioner adds that a law partner of the nominee is vice-president and chairman of the directors of the other company,—a circumstance calculated to make it more difficult for the nominee, if elected, to give proper consideration to the interests of the respondent corporation.
If petitioner’s purpose and motive were, as he claims, only to persuade his fellow stockholders, in the best interests of respondent corporation, to vote against said nominee for a directorship, he would clearly be entitled to the inspection he is seeking. In view of the fact that the inspection sought relates only to the identity and holdings of petitioner’s fellow stockholders, it may be that the inspection could not aid petitioner in the pending actions to which respondent refers in its answering papers. It does not follow, however, that petitioner has established his right to the relief sought. The answering papers contain a wealth of evidentiary matter supporting respondent’s charge that petitioner is not actuated by a desire to prevent the nominee’s election to the respondent’s board of directors, in the best interests of respondent corporation, but rather by a desire to harass respondent in the interest of a company of which petitioner is president and a substantial stockholder. Practically none of respondent’s charges were disputed or refuted at the hearing. I am satisfied that this applicaton is but the latest of a series of acts on the part of petitioner which constitute a “ campaign of general harassment ” of respondent and its management, in the interest of petitioner’s company.
In the circumstances, it being clear that the application is not made in good faith to promote the interests of respondent corporation but rather for ulterior purposes, the application is denied (Matter of Tate v. Sonotone Corp., 272 App. Div. 103).