Anthony J, Di Gtovanna, J.
This is an article 78 proceeding for a direction permitting a one-third stockholder to inspect and make copies of the books of account, bankbooks, checkbooks, statement of affairs, contracts and all other records pertaining to the business of the corporation, said inspection to be made by the petitioner as attorney or duly appointed accountant. From the contents of an agreement made September 18, 1951, it appears that the petitioner was the sole owner of all of the shares of capital stock of the ABC Machinery Corporation; that the respondents were copartners doing business as Consolidated Instrument and Machine Company; that the petitioner was likewise sole owner of all of the capital stock of Hopewell Products Incorporated; that the agreement provided for the dissolution of all of the foregoing businesses and the commencement of a new business enterprise in the form of three corporations to be organized under the Laws of the State of New *819 York. Each of the individuals made certain contributions to the capital stock of the respondent corporation.
It was further provided that if any of the three parties desired to retire from the business of any of the corporations, he would first offer his shares of stock to the respondent corporation ; if such corporation did not exercise the option to purchase, then the offer was to be repeated to each of the individual respondents; and if each of the individual respondents did not buy the stock, then and in that event only the stock could be offered on the public market. It was further provided in the agreement as follows: “ In the event a stockholder tenders his shares of stock, according to the terms set forth in this paragraph, he must resign as director and officer of the corporations and he is to be discharged as an employee of such corporations, without recourse as against the said corporations. ” It is further provided in the agreement that: “In the event any dispute arises hereunder relating to the construction of any of the provisions of this agreement * * # such dispute shall be submitted to arbitration.” Similar clauses appeared in a second agreement made July 17, 1952 among the same parties and a corporation known as Gr. H. Anderson Carbonator Manufacturing Co. Inc.
On November 17, 1958, the petitioner addressed a letter to the Hopewell Products, Inc., and to each of the respondents, wherein he offered for sale to the corporations his stock under the terms of the agreement. He further said therein: “ Enclosed herewith is my resignation as director and officer of said corporation, which shall become effective immediately upon the exercise by the corporation, and/or said stockholders of their right of election under said agreement to purchase the offered stock.”
In reply to that offer of sale, the respondent corporation addressed a letter to the plaintiff signed by each of the individual respondents wherein reference was made to the paragraph above set forth concerning the ‘ ‘ resignation ’ ’ of the responden! as director and officer upon his “ tender ” of his shares of stock-It appears from the letter dated November 19,1958, that it is the view of the respondents that the mere act of tendering the stock for sale to the corporation or the individual respondents operated as a resignation of the respondent as director and officer. Undoubtedly a difference of opinion exists between the parties as to the meaning of the word “ tender ” in the agreement. The petitioner contends that the word means tender and acceptance and the respondents contend that the word means *820 merely tender. If this difference of opinion amounts to a dispute within the meaning of the arbitration clause, then determination of the meaning of the word ‘ ‘ tender ’ ’ would have to come into arbitration.
However, by no stretch of the imagination or good sense, or plain simple logic, can it be held that an issue has been created which requires arbitration. To hold that the word “ tender ” means the mere offer for sale and the consequent resultant resignation of respondent as director and officer would violate every principle of fair play, business sense, common sense and logic. The mere act of offering one third of the outstanding shares for sale to the remaining stockholders without acceptance of the offer by the respondents cannot itself operate as a resignation. Merely because one desires to retire from the business and “ tenders ” his shares of stock to the corporation or the remaining stockholders, cannot be taken to mean that by doing such an act he has divorced himself from his rights to supervise, scrutinize and examine the books. The only logical legal meaning of the word “ tender ” as used in these agreements, can be construed to mean tender and acceptance. There is no such dispute existing in this regard which would justify permitting an arbitration board to pass upon that question. A finding by an arbitration board contrary to this ruling would be a miscarriage of justice.
I therefore hold that no issue has been created herein which requires submission to arbitration, and therefore, that the petitioner is entitled as a matter of law to inspect the books and records of the corporation.
Settle order on notice fixing time and place for such inspection.