■   In the Matter of JOSEPH HAUSNER, Respondent, against HOPEWELL PRODUCTS, INC., et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act, Hopewell Products, Inc., Charles Vergona and Paul Puff appeal from an order granting petitioner's application to direct appellants to permit him to inspect and copy the books, papers and records of the corporate appellant.   Order affirmed, with costs.   The dispute as to petitioner's claim of right to inspection is not arbitrable under the provisions of the agreement between the individual parties.   Even if it were, it clearly appears that no bona fide dispute exists and that there is no real basis for appellants' claim that petitioner resigned as a director of the corporation.   Under such circumstances, the court should refuse arbitration (*Matter of General Elec. Co.* [*United Elec. Radio & Mach. Workers,* 300 N. Y. 262, 264; *Matter of Essenson* [*Upper Queens Med. Group*], 307 N. Y. 68, 72; *Alpert* v. *Admiration Knitwear Co.,* 304 N. Y. 1, 6; *Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills,* 239 N. Y. 199, 202–203; *Matter of Sarle* [*Sperry Gyroscope Co.*], 4 A D 2d 638, 641–642, affd. 4 N. Y. 2d 917; *Matter of International Assn. of Machinists* [*Cutler-Hammer, Inc.*], 271 App. Div. 917, affd. 297 N. Y. 519; *Matter of New York Mirror* [*Potoker*], 5 A D 2d 423).   The paper which appellants contend constituted petitioner's resignation as a director plainly states that the resignation was not to become effective unless and until the corporation or the individual appellants elected to purchase his shares of stock.   No such election was ever made.   Petitioner's right of inspection, as a director, was absolute, but as a stockholder it was qualified (*Matter of Cohen* v. *Cocoline Prods.,* 309 N. Y. 119).   The exercise of discretion in petitioner's favor, on his qualified right, would be warranted under the facts disclosed in the record.   Petitioner

is not required to sustain the burden of proving his good faith. On the contrary, appellants have the burden of proving the bad faith on his part which they allege in their answer (*Matter of Schwartz* v. *Travelers Hotel,* 7 A D 2d 848; *Matter of Tate* v. *Sonotone Corp.,* 272 App. Div. 103). Assuming *arguendo* that the allegations of bad faith are sufficient, appellants have failed to submit any affidavit or other proof supporting such allegations. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur. [19 Misc 2d 818.]