■ In the Matter of J. MADISON RAYNOR, Respondent, v. YARDARM CLUB HOTEL, INC., et al., Appellants.— In a proceeding (1) to restrain appellant Richard Whitney, the president and principal stockholder of appellant Yardarm Club Hotel, Inc., from paying out corporate funds to himself, his family and to others, including personal creditors and (2) to permit petitioner and his accountant to inspect books and records of the appellant corporation and to make copies and extracts thereof, the appeal is from so much of an order of the Supreme Court, Suffolk County, dated July 31, 1968, as granted the application to the extent of permitting petitioner and his accountant to inspect the books and records of the corporation from January 1, 1962 to " the present date ", and to make copies and extracts thereof at petitioner's own cost and expense. Order affirmed, insofar as appealed from, with $10 costs and disbursements. In our opinion, even if we were to go so far as to assume that there is an issue of fact present as to petitioner's good faith in instituting this proceeding, the burden would not be on him to demonstrate his good faith but

on the appellant corporation to show his bad faith (5 Fletcher, Cyclopedia Corporations [Perm. ed.], § 2220, pp. 816–817; *Matter of Tate* v. *Sonotone Corp.*, 272 App. Div. 103). However, since the affidavits submitted by appellants in opposition to the proceeding completely failed to refute his allegations that they had violated several provisions of the Business Corporation Law (e.g., § 602, subd. [b], which requires annual meetings of shareholders, and appellants have held but one such meeting in the last six years; § 703, subd. [a], which requires that directors be elected at each annual shareholders' meeting, to hold office until the next annual meeting, and there is no indication in the affidavits that any such elections have been held in the six-year period in question), in our opinion Special Term did not abuse its discretion in granting the petition to the indicated extent (Business Corporation Law, § 624, subd. [d]; cf. *Matter of Ochs* v. *Washington Hgts. Fed. Sav. & Loan Assn.*, 17 N Y 2d 82, 86; *Matter of Cohen* v. *Cocoline Prods.*, 309 N. Y. 119; *Matter of Breswick & Co.* v. *Greater N. Y. Inds.*, 308 N. Y. 1041; *Matter of Steinway*, 159 N. Y. 250; *Matter of Gottdenker* v. *Philadelphia & Reading Corp.*, 31 A D 2d 152; *Matter of Tate* v. *Sonotone Corp.*, 272 App. Div. 103, *supra*; *Matter of Schulman* v. *Dejonge & Co.*, 270 App. Div. 147; *Matter of Young* v. *Columbia Broadcasting System*, 28 Misc 2d 512). Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.