Jacob Auk, J.
The petitioner instituted these CPLR article 78 proceedings for an order permitting him to inspect the hooks and records of the respondent corporations. The petitioner is a stockholder in each corporation and both proceedings were considered together by reason of the interrelationship of the respondent corporations.
This matter was before the court on two previous occasions. Originally, the question submitted for determination was whether the petitioner was a director of the respondent corporations on January 8,1969. After a hearing the court found that he was a director on that date and the posture of the proceedings was such that the court held that he had an absolute and unqualified right to inspect the books and records of the various corporations. (Matter of Cohen v. Cocoline Prods., 309 N. Y. 119.) The respondents then moved for a rehearing on the ground that between January 8, 1969 and the time of the hearing, which was held on February 19, 1969, the petitioner was removed as a director of each corporation.
The rehearing was granted with the result that the respondents were successful in proving that the petitioner had been removed as a director subsequent to January 8, 1969, and therefore, he did not have an absolute .right to the inspection by virtue of his status as a director (Matter of Cohen v. Cocoline Prods., supra). The court vacated the order granting the inspection and held that the petitioner was entitled to a hearing to determine whether he had a right of inspection on the basis of his qualified right as a stockholder.
Dimco Corporation, which is the respondent in the first-entitled proceeding, is a land holding and development company. The five corporations in the second-entitled proceeding operate apartment houses. The petitioner owns 15% of the capital stock of each of the six corporations. Samuel A. Santandrea, the vice-president and treasurer of each corporation, is the owner of an equal amount and Frank Dimino, the president of the respondent corporations owns the remaining 70% of the capital stock.
*612 A stockholder has the common-law right to inspection and examination of the corporate hooks at a proper time and place and for a proper purpose. (Matter of Steinway, 159 N. Y. 250, 263; also, Business Corporation Law, § 624.) Before he can be deprived of this right the corporation has the burden of proving bad faith on his part. “ Petitioner is not required to sustain the burden of proving his good faith.” (Matter of Hausner v. Hopewell Prods., 10 A D 2d 876, and authorities cited therein.)
The petitioner was active in all the respondent corporations and received a salary from the Dimco Corporation, and while he was so employed, without the knowledge of his fellow stockholders, he formed a real estate corporation of his own, known as Heather Enterprises, Inc. About a week later his employment was terminated and shortly thereafter this newly-formed corporation purchased a parcel of land adjacent to acreage owned by Dimco Corporation, which the latter had contracted to purchase in 1965 but never consummated the transaction. The petitioner is also a stockholder in other real estate corporations.
In Matter of Schulman v. De Jonge & Co. (270 App. Div. 147, 149), the court in granting the petitioning stockholder an alternative order directing a trial of the issue as to his good faith said ‘ ‘ that an examination will not be permitted where the ulterior purpose of the inspection is to supply knowledge of the inner workings and details of a corporation’s business to a competitor, or to embarass the corporation.” The allegations that a petitioner is consorting with competitors raise a substantial issue of fact as to his good faith. (Matter of Santomauro v. Pollio Prods. Corp., 15 A D 2d 944; Matter of Sunnydale Farms v. Premium Dairy Co., 7 A D 2d 737.)
The proof is clear that there has been an intermingling of funds among the respondent corporations and Frank Dimino, Inc., a construction company of which Frank Dimino owns 100% of the capital stock. This company erected the apartment buildings for the respondent corporations and does the construction work for the Dimco Corporation. There was a considerable cash flow from the corporations operating the apartment houses and this was constantly used by both the Dimco Corporation and Frank Dimino, Inc. Justification for this was made on the grounds that each stockholder in the respondent corporations owned the same percentage of stock, and that Frank Dimino, Inc., was a creditor of the Dimco Corpo *613 ration and any sums not repaid by it were nsed in the reduction of its indebtedness.
Mr. Santandrea testified that a conveyance of acreage was made, without consideration, by Dimco Corporation to Northampton Meadows Apartments, Inc., which issued no stock and had no officers, but that the petitioner was considered a 15% owner of this corporation by reason of his stock interest in the Dimco Corporation. A parcel of land known as Squire-dale was also owned by the Dimco Corporation; yet, a financial report of Zurick Development Corporation, dated July 1, 1969, prepared by the certified public accountant who was also employed by the respondent corporations and Frank Dimino, Inc., shows that these two parcels of land are listed as assets of Zurick, whose capital stock is held by a party not connected with the respondent corporations, except that Mr. Santandrea is the vice-president of the company.
Among other charges of misconduct made by the petitioner were transactions involving a subdivision known as Elmcreek and Domus Homes, Inc., of which the Dimco Corporation at one time owned a controlling interest (and for which Frank Dimino, Inc., is developing a subdivision) and financial matters concerning the Powers Hotel, Inc., in which the Dimco Corporation at one time had a 42%% interest and Frank Dimino, Inc. was the contractor that remodeled the hotel into an office building.
The petitioner’s application proceeds upon the basis that it was made for the purpose of protecting his legitimate interests as a stockholder of the respondent corporations. 1 ‘ The petitioners as stockholders have a right to examine the corporate books to determine whether the officers of the corporation are properly managing its affairs, even though upon an examination of the books it should appear that in fact there was no mismanagement.” (Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464, 471.)
Under the cited authorities the element of competition raises the question of the petitioning stockholder’s good faith in seeking the examination, but research fails to disclose any authority that holds that a stockholder who is a competitor is, ipso facto, barred from an examination of the books and records of a corporation when he has made a proper showing for such relief.
There is authority to the contrary. In People ex rel. Ludwig v. Ludwig & Co. (126 App. Div. 696, 702), the court held: “ The fact that the relator and his company are manufacturing somewhat similar instruments to those manufactured by the respondent is no justification for refusing the inspection.” In *614 Matter of Hansen v. Marblette Corp. (24 N. Y. S. 2d 200, affd. 260 App. Div. 866) the court held that the petitioner being engaged in a competing business “ is not a sufficient justification for refusing the application altogether ’ ’, citing the Ludwig case. The court granted the application for the inspection ‘ ‘ with the exception that the books containing any business secrets of the corporation or the names and addresses of customers may be withheld”. In Hughey v. Du Bois Press (37 N. Y. S. 2d 343) a stockholder who was a former employee of the respondent corporation and presently employed by a competitor was granted the right to examine the books and records.
Whatever shortcomings there might have been on the part of the petitioner while he was active in the affairs of the respondent corporations, the fact is that there appears to be evidence of irregularities in the conduct of the respondent corporations, to the detriment of his welfare as a stockholder, the extent and seriousness of which can be determined only upon a proper examination of their books and records.
Upon the record in this case the court cannot say whether the respondent corporations have any business secrets that should be withheld from the petitioner, but they are entitled to such protection as they may need consistent with his proper inspection of the books and records of the respondent corporations. This can best be determined upon the settlement of the order to be entered herein.
The motions are granted in accordance with this decision.