John R. Tenney, J.
This is a CPLR article 78 proceeding brought by the petitioner, Joan Apple, a minority shareholder in the respondent, Careerco, Inc. She seeks an order directing Careerco, Inc. to deliver to her a copy of the annual balance sheet and profit and loss statement for the preceding fiscal year. She contends that she is entitled to such information *469 pursuant to subdivision (e) of section 624 of the Business Corporation Law.
The respondents contend that she is not entitled to the relief authorized under subdivision (e) of section 624 because she is not acting in good faith; her intent is to harass the corporation and her former husband, its president, as the offshoot of a matrimonial dispute.
It is basically respondents’ argument that in the absence of good faith, she is precluded under subdivision (e) of section 624. The statute says nothing about good faith. It says unequivocally that any shareholder for a period of at least six months may request and the corporation shall give an annual balance sheet and profit and loss statement. There are no restrictions or limitations on this right, and the statute is mandatory.
Although it is probably correct that the motive for wishing the financial information is with reference to the marital dispute, it should not deny a corporate stockholder a fundamental right. She is not seeking to use the information as the basis to a matrimonial action. She is merely asking for financial facts. If, at some future date, she attempts to utilize this information as a basis for harassment, then, of course, she would have no standing. (See Matter of Botwin v Central Structural Steel Co., 28 AD2d 522.)
The financial condition of a corporation cannot be considered confidential when a stockholder is concerned. It is when the stockholder attempts to misuse the financial information to the detriment of the corporation that his actions will be limited. (Matter of Beryl v United States Smelting Refining & Min. Co., 34 Misc 2d 382.)
The limitation imposed on the right of inspection set forth in subdivision (b) of section 624 does not apply to subdivision (e) of section 624. Subdivision (b) of section 624 refers to the business operation of the corporation while subdivision (e) of section 624 applies to its financial status. It is entirely possible for a stockholder to want financial information apart from management information. It is also apparent that a corporation should be protected from frivolous or detrimental raids on its books and records. (§ 624, subds [c], [d].) However, there is no intention spelled out or reasonably inferrable from subdivision (e) of section 624 which could in any way be construed a restriction or limitation on the right of any stockholder to the financial statements of a corporation.
*470 Therefore, the motion of petitioner is granted.