■ In the Matter of S. & S. REALTY CORP., Respondent, v KLEER-VU INDUSTRIES, INC., Appellant.—Order, Supreme Court, New York County, entered on November 17, 1975, in the office of the clerk, unanimously affirmed. Petitioner-respondent shall recover of respondent-appellant $40 costs and disbursements of this appeal. The record indicates petitioner complied with the pertinent provisions of subdivisions (b), (c) and (d) of section 624 of the Business Corporation Law. It was not necessary for the original demand of petitioner, a shareholder for the required period of time,

to be accompanied by an affidavit of purpose (Business Corporation Law, § 624, subd [b]). The requirement for such affidavit is activated when, as here, the demand was refused or ignored (Business Corporation Law, § 624, subd [c]). Petitioner's affidavit specified that the purpose in seeking inspection of the list of shareholders was to solicit the shareholders not to reelect the incumbent members of the board of directors, for the reason that they had engaged in a questionable financial transaction with the corporation. A projected removal of board members for alleged involvement in a questionable loan, even though the transaction occurred before petitioner became a shareholder, may not be said to be a purpose proscribed by the statute (Business Corporation Law, § 624, subd [c]). The statute before us should be liberally construed *(Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14). Respondent argues that petitioner was not entitled to the inspection because it failed to establish "good faith" and therefore, respondent claims, it was at least entitled to a hearing. Good faith is assumed *(Matter of Waldman v Eldorado Towers Ltd.,* 19 NY2d 843). The corporation has the burden of justifying its refusal by showing an improper purpose or bad faith *(Matter of Crane v Anaconda Co., supra).* A direction for a hearing on the issue of alleged lack of good faith was not necessary; a proper disposition may be made on the assumption of the truth of the allegations of respondent's affidavits *(Botwin v Central Structural Steel Co., supra).* Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.