■ In the Matter of JAMES L. LEWIS, Respondent, v J & K PLUMBING & HEATING CO., INC., et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered October 10, 1978 in Broome County, which granted petitioner's application in a proceeding pursuant to section 624 of the Business Corporation Law, directed that appellant corporations permit petitioner to inspect their minute books and records of shareholders and that said corporations furnish petitioner with a consolidated financial statement for the year ending June 30, 1977 and a copy of any interim balance sheet or profit or loss statement distributed or made available to other shareholders since that date. As a holder of more than 5% of the outstanding shares of each of the respondent corporations, either by direct ownership or by his percentage ownership of the parent corporation, J & K Plumbing & Heating Co., Inc., petitioner, on April 24, 1978, made a demand in accordance with section 624 of the Business Corporation Law for an opportunity to examine the corporate minute books and records of shareholders of each of the appellant corporations and for a consolidated financial statement for the year ending June 30, 1977 and a copy of any interim balance sheet or profit or loss statement distributed or made available to other shareholders by the corporations since that date. This request was denied, and petitioner thereupon moved at Special Term, pursuant to subdivision (d) of section 624 of the Business Corporation Law, for an order compelling the requested inspection and production of financial statements. Following review of the petition, answer and affidavits submitted by the parties, Special Term granted petitioner's application, and this appeal followed. We hold that Special Term's order should be affirmed. Since petitioner concededly met the procedural qualifications relating to stock ownership which were necessary to support his demands (see Business Corporation Law, § 624, subds [b], [e]), appellants argue that his application should have been denied because it was made in bad faith and for a wholly personal reason, rather than for a proper corporate purpose. With regard to the production of the financial statements, the question of alleged bad faith was not relevant or material, however, and petitioner was entitled to the statements once the statutory procedural requirements were met (see *Mat-*

*ter of Apple v Careerco, Inc.,* 82 Misc 2d 468). Moreover, while petitioner would not be entitled to inspect the minute books and records of shareholders if the subject inspections were to be undertaken in bad faith or for an improper purpose, the burden of proof on this issue is upon the appellant corporations *(Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14, 19; *Matter of S. & S. Realty Corp. v Kleer-Vu Inds.,* 53 AD2d 552), and in this instance that burden has not been carried. Not only do appellants' answering papers and affidavits contain only broad conclusory allegations as to how the proposed inspections would result in damage to them, but petitioner is concededly a large stockholder who appears to have a proper and justifiable interest in making the inspections to determine the extent and seriousness of questionable corporate actions. In so concluding, we would also point out that the court acted properly in making its determination without conducting a fact-finding hearing. The pertinent statutory subdivision (Business Corporation Law, § 624, subd [d]) indicates that such determinations are to be made summarily, and furthermore, as noted above, appellants have provided no factual detail to support their conclusory allegations of impropriety and thereby demonstrate the necessity for a fact-finding hearing. Similarly, it is not necessary that Special Term's order be modified so as to exclude from inspection materials which reveal customers' names and business secrets because petitioner's assertions that he was privy to all corporate inside information through his 18 years of active involvement in the operation of the respondent corporations is substantially verified by the affidavit of Wayne A. Jones, president and majority stockholder of J & K Plumbing & Heating Co., Inc., the parent company. In view of these peculiar circumstances, respondents will not be prejudiced by giving petitioner access to information of which he already has knowledge, and, accordingly, it would serve no useful purpose to delay further petitioner's inspection of the corporate minutes and records so that the information could be expunged therefrom. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane and Herlihy, JJ., concur; Main, J., not taking part.