■ In the Matter of JOSE M. LOPEZ, Appellant. SCM CORPORATION, Respondent.—Order and judgment, Supreme Court, New York County, entered August 30, 1979, denying application for disclosure of respondent's shareholder lists, unanimously reversed, on the law and the facts, with costs, and the petition is granted to the extent of disclosure of all record and beneficial ownership of shares as of September 7, 1979. Respondent is currently defending a multimillion dollar lawsuit brought in Federal court by one Muller over the latter's unsuccessful negotiations for purchase of SCM assets abroad. Muller formed the "SCM Corporation Shareholders Committee", consisting of himself, his corporation (MacMuller Industries) and two other officers of his corporation, to challenge the position of respondent's management in this controversy. Up until August 6, 1979, this committee controlled 269,900 of the more than 9,500,000 outstanding shares of SCM stock. In order to wage a proxy battle for management control at the next meeting for election of directors, scheduled for October 25, 1979, the committee was anxious to obtain the list of shareholders eligible to vote as of the record date of September 7, 1979. However, subdivision (b) of section 624 of the Business Corporation Law allows for the availability of such information only to shareholders of record in the corporation for at least six months. As of August 5, 1979, Muller's committee consisted of shareholders of record whose longevity of holdings in the corporation ranged from one month to four months and 23 days. On August 6 petitioner, a former SCM executive and record holder of 38 shares of stock since 1977, joined the committee. That same day, petitioner, on behalf of the committee, demanded inspection of minutes of respondent's shareholder proceedings, as well as current lists of shareholders' names and addresses, updated by daily transfer sheets to reflect those eligible to vote at the next election of directors. The stated purpose of the demand was to communicate with shareholders for solicitation of proxies in support of the committee's nominees for directors. Respondent's rejection of this request inspired the instant proceeding. The purpose of petitioner's demand was clearly set forth in his letter of August 6, so there is no procedural basis for respondent's rejection. (Cf. *Matter of Gottdenker v Philadelphia & Reading Corp.,* 31 AD2d 152.) Further, the inspection of shareholder lists to facilitate a proxy challenge to incumbent directors is a valid purpose *(Matter of S. & S. Realty Corp. v Kleer-Vu Inds.,* 53 AD2d 552). The burden is on respondent to show an improper purpose for the demand *(Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14). Petitioner's association with Muller is certainly no indication of impropriety, in light of the otherwise valid stated purpose of the demand. Petitioner alleges without challenge that he has independently concluded that changes in the management of SCM in the interest of its shareholders

is warranted, and that in this respect his views and those of the committee are similar. Where the demand is facially valid, good faith is assumed, obviating the necessity for a hearing on this issue *(Matter of S. & S. Realty Corp. v Kleer-Vu Inds., supra)*. The mere fact that Muller and his companies are engaged in litigation with SCM does not demonstrate lack of good faith. Nor would there be an improper purpose or bad faith if communications with shareholders discussed such litigation. (Cf. *Matter of Crane Co. v Anaconda Co., supra.)* Petitioner is entitled to access to available transfer sheets, at his expense, showing the daily status of record and beneficial ownership through September 7, 1979 (see *Matter of Maidman v Central Foundry Co.,* 27 AD2d 923). Concur—Kupferman, J. P., Birns, Fein, Bloom and Lupiano, JJ.