■ In the Matter of David L. Hammerman, Respondent. Bueche-Girod Corp., Appellant.—Order, Supreme Court, New York County, entered February 23, 1979, granting the stockholder's application to examine corporate books and records, reversed, on the law and the facts and in the exercise of discretion, and the matter remanded for a hearing to determine the good faith of the petitioner and, if an inspection is warranted, the scope of inspection to be permitted, with costs and disbursements. Petitioner Hammerman and his two brothers are minority shareholders in the Bueche-Girod Corp., a manufacturer and dealer in watches and jewelry. The corporation purchased large quantities of diamonds from petitioner's brothers. After a disputed transaction among the parties, Bueche-Girod Corp. stopped doing business with petitioner's brothers and in fact elected to go into the diamond business itself. Hammerman brought this petition seeking to inspect the corporate books and records, beginning with 1969 to date. It is the claim of the corporation that the present petition was brought by Hammerman, in effect, on behalf of his brothers' business interests, and is

not being brought in good faith (see Business Corporation Law, § 624, subd [c]). It is further claimed that the plethora of documents sought to be inspected, which cover a period of 10 years of doing business, is overly broad and burdensome. The record before us leaves us in doubt as to the good faith of the petitioner, and furthermore we perceive no basis for the broad inspection sought. We have remanded this matter for a hearing on both the issue of petitioner's good faith as well as the scope of inspection to be allowed. Concur—Lane, Lupiano and Lynch, JJ.

Fein, J. P., and Sullivan, J., dissent in part in a memorandum by Sullivan, J., as follows: While we agree with our colleagues that the matter should be remanded for a hearing to determine the books, records and documentary data to which the stockholder is entitled, we would not, as they would, remand for a hearing on the issue of good faith. It has been repeatedly held that a stockholder cannot be deprived of the right to inspect and examine corporate books and records for a proper purpose unless the corporation can prove the stockholder's bad faith. (Matter of S & S Realty Corp. v Kleer-Vu Inds., 53 AD2d 552.) Furthermore, the good faith of the petitioning stockholder is presumed and the burden is on the corporation to show bad faith. (Matter of Hausner v Hopewell Prods., 10 AD2d 876; Matter of S & S Realty Corp. v Kleer-Vu Inds., supra.) Petitioner's avowed purpose for the requested inspection is "to find out what is happening at Bueche-Girod, which has not had annual meetings since 1976" and to determine whether the corporation is being managed properly for the benefit of its stockholders or being mismanaged for the benefit of its principal officers. It is conceded that the officers and their families own 93% of the corporation's stock. The balance of the stock is publicly held. Specifically, petitioner contends that a pending sale of the company's assets will be for the benefit of the controlling shareholders, and that a European subsidiary of Bueche-Girod was sold without any notice to the shareholders. While it is true that stockholder approval was not required with regard to the sale of the European subsidiary, this does not dispose of petitioner's right, as a stockholder, to know whether such sale had an adverse effect on his interests. It is not denied that the corporation had not notified the shareholders of the sale of the European subsidiary. Nor does the corporation deny that it maintains an inventory of diamonds not shown on its most recent certified financial statement issued in 1977. As for the claim that petitioner is a straw man for his two brothers who are competitors of the corporation in the selling of diamonds at wholesale and retail, petitioner, in an earlier proceeding seeking the same relief, denied that he was or had ever been in business with his brothers' company. But, even assuming that petitioner is in league with his brothers, it is well settled that merely because a stockholder is in a competing business is no justification to bar him from an examination of the books and records of the corporation altogether. (Matter of Hansen v Marblette Corp., 24 NYS2d 200, affd 260 App Div 866; People ex rel. Ludwig v Ludwig & Co., 126 App Div 696.) Petitioner has raised matters of gravity sufficient to pique the interest of the most nonchalant stockholder. Under such circumstances, no justification for a hearing on petitioner's good faith has been established. On remand the court may, of course, in order to safeguard the concerns of the corporation, withhold from inspection any "books containing any business secrets of the corporation or the names and addresses of customers". (Hansen v Marblette Corp., 24 NYS2d 200, 201, supra.)