■ In the Matter of NORTHEAST LITHO CO., INC., Appellant, v STEARNS AND BEALE, Respondent. — Order, Supreme Court, New York County (H. Schwartz, J.), entered January 20, 1982, denying petitioner's motion for inspection of corporate records, and order, Supreme Court, New York County (H. Schwartz, J.), dated February 3, 1982, granting reargument, and upon reargument, adhering to its original determination, are unanimously reversed, on the law and the facts, without costs, and the matter is remanded for a hearing to determine the issues of fact, including petitioner's good faith in requesting such inspection, and whether petitioner is indeed a stockholder of respondent corporation. On the face of the matter petitioner would seem to be entitled to at least the inspection authorized by subdivision (b) of section 624 of the Business Corporation Law, i.e., minutes of shareholders' proceedings and records of shareholders. Accordingly, petitioner's application should not have been denied outright without further inquiry. Petitioner of course seeks much more than the stockholders' records referred to in subdivision (b) of section 624 of the Business Corporation Law; it seeks to examine all the books and records of respondent. Respondent raises questions as to petitioner's rights and good faith. For example, petitioner owns one share out of 1,000 shares of stock of respondent corporation; on oral argument, respondent stated that the share had a negative book value. On its face, it seems questionable whether petition-

er's interest as a stockholder of the corporation is commensurate with the expense that petitioner is going to in this proceeding. Furthermore, petitioner is either a competitor of respondent or in an allied line of business having business contacts with respondent, and it is stated that the demands for inspection of books followed a business disagreement unrelated to petitioner's stockholding. Respondent also questions whether petitioner is truly the beneficial owner of the share of stock it holds and whether that share was validly issued. We think the situation calls for a fuller exploration at a hearing. Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.