■ In the Matter of DAVID N. MARCATO, Respondent. MARCATO ELEVATOR COMPANY, INC., Appellant. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel Marcato Elevator Company, Inc., to produce for inspection and copying all of its books, records of account, etc., the appeal is from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated June 9, 1983, which granted the petition. ¶ Judgment reversed, on the law, without costs or disbursements and matter remitted to Special Term for a hearing in accordance herewith. ¶ The burden of proof as to petitioner's "good faith" in seeking to inspect corporate books or records falls on a different party depending on whether such right is asserted under the Business Corporation Law or under common law. "When asserting a common-law right of access the petitioner must plead and prove that inspection is desired for a 'proper purpose' * * * In a [statutory] proceeding the stockholder must allege compliance with the statute. At this point the *bona fides* of the shareholder will be assumed * * * and it becomes incumbent on the corporation to justify its refusal by showing an improper purpose or bad faith" (*Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14, 18-20). Therefore, contrary to the finding of Special Term the burden here is on petitioner to prove a "proper purpose" in this application, under the common law, for inspection of appellant's books and records. As appellant has made allegations raising triable issues as to petitioner's bad faith, a hearing is required to resolve this matter (see *Matter of Sunnydale Farms v Premium Dairy Co.,* 7 AD2d 737). Additionally, if inspection is granted, certain information might need to be expunged because of the parties' competitive relationship (see *Matter of Segal v Verby Co.,* 38 AD2d 855). This question, as well as the question of whether 1983 books and records must be produced for inspection, should be determined after a hearing. Gibbons, Bracken and Rubin, JJ., concur.

Titone, J. P., dissents and votes to affirm the judgment appealed from, with the following memorandum: As the majority notes, apart from statutory rights embodied in the Business Corporation Law, shareholders have a somewhat broader common-law right to inspect corporate books and records for a "proper purpose". While the majority concedes that when the statutory right is invoked, the burden of disproving a proper purpose is on the corporation, it urges that the rule is the converse when the common-law right is involved. Because I cannot accept that dichotomy, I dissent. ¶ In *Matter. of Hausner v Hopewell Prods.* (10 AD2d 876, 877), this court pointedly declared that a shareholder "is not required to sustain the burden of proving his good faith. On the contrary, appellants [corporation] have the burden of proving the bad faith on his part which they allege in their answer". This holding has been consistently followed (see, e.g., *Traktman v Atlantic & Pacific Oil Co.,* 98 AD2d 719; *Matter of De Paula v Memory Gardens,* 90 AD2d 886, 887; *Matter of Lopez [SCM Corp.],* 71 AD2d 976; *Matter of Raynor v Yardarm Club Hotel,* 32 AD2d 788; *Matter of Malone v Dimco Corp.,* 68 Misc 2d 610, 612, affd on opn at Special Term 38 AD2d 781; *Matter of Kole v Combined Ind.,* 28 Misc 2d 649, cited with approval in *Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14, 18), and a leading commentator bluntly states that in a common-law proceeding the "burden of proving that a shareholder's inspection is undertaken in bad faith or for an improper purpose is upon the respondent-corporation" (3 White, NY Corporations, par 624.03, subd [3], p b-628.2; see, also, 23 Carmody-Wait 2d, NY Civ Prac, § 145:191, p 744; 13 NY Jur 2d, Business Relationships, § 189, pp 471-472). Other States follow this rule as well (5 W. Fletcher, Private Corporations, § 2253.1 [perm ed rev vol 1976]). ¶ *Matter of Crane Co. v Anaconda Co.* (39 NY2d 14, *supra*) hardly supports a departure from these authorities. The court in *Crane* expressly declined to reach the issue of whether petitioner had fulfilled the requisites for a common-law right of inspection (39 NY2d 14, 16-17, n 2, *supra*). Although the court did state, in dictum, that at common law the petitioner had to plead and prove a proper purpose (39 NY2d 14, 18, *supra,* citing Model Business Corporation Act, Ann., § 52, par 4.05[5]), as early cases had held (Henn and Alexander, Laws of Corporations [3d ed, 1978], § 199, p 537), this was in the context of tracing the historical development of shareholder inspection rights. ¶ Aside from the fact that we are not bound by the dictum (*Monroe v City of New York,* 67 AD2d 89, 102-103), there is simply no indication that the Court of Appeals intended to abrogate the line of cases which had placed the burden of proof on the corporation (see *People v Olah,* 300 NY 96, 101). In fact, the court cited *Matter of Kole v Combined Ind.* (28 Misc 2d 649, *supra*) (39 NY2d 14, 18, *supra*), which, in turn, quoted and relied upon *Matter of Hausner v Hopewell Prods.* (10 AD2d 876, *supra*) on the issue of burden of proof (see, also, *Matter of Waldman v Eldorado Towers,* 25 AD2d 836, affd 19 NY2d 843 and *Matter of Durr v Paragon Trading Corp.,* 270 NY 464, the other cited cases). Moreover, since *Crane* (*supra*), the courts have consistently placed the burden of proof on the corporation (e.g., *Traktman v Atlantic & Pacific Oil Co., supra; Matter of De Paula v Memory Gardens,* 90 AD2d 886, 887, *supra*). Thus, the majority's reliance on the out of context statement in *Crane* (*supra*), is the rough equivalent of taking a quotation from an early chapter of a book tracing the development of science and using it as authority for the proposition that the world is flat. ¶ The "language [in *Crane*] must be read in context and in the light of the issues presented * * * 'No opinion is an authority beyond the point actually decided, and no judge can write freely if every sentence is to be taken as a rule of law separate from its association'" (*People v Olah, supra,* p 101, quoting *Dougherty v Equitable Life Assur. Soc.,* 266 NY 71, 88; see, also, *Danann Realty Corp. v Harris,* 5 NY2d 317, 322). Because "the line between

proper and improper purposes is not always clear, with the result that the placing of the burden of proof and possible recognition of presumptions with respect to propriety of purpose are sometimes determinative" (Henn and Alexander, *op cit,* § 199, p 538), consistency between common-law and statutory inspection rights is desirable. In short, I would adhere to *Matter of Hausner v Hopewell Prods.* (10 AD2d 876, *supra*), and its progeny. ¶ On the record before us, application of the *Hausner* rule compels the conclusion that Special Term's determination was correct. While it is true that petitioner also has an interest in a competing company, this does not, *ipso facto,* bar him from obtaining an examination (see *Matter of Malone v Dimco Corp.,* 68 Misc 2d 610, 613-614, *supra,* and authorities cited; 5 W. Fletcher, *op cit,* § 2226.3; 13 NY Jur 2d, Business Relationships, § 201, p 486). Unlike the petitioner in *Matter of Northeast Litho Co. v Stearns & Beale* (90 AD2d 713), who owned "one share out of 1,000", petitioner here owns 25.7% of all of the issued and outstanding shares of the corporation, a substantial minority interest, thus raising a presumption as to his good faith (see *Matter of Lewis v J & K Plumbing & Heating Co.,* 71 AD2d 708; *Matter of Malone v Dimco Corp., supra*). He is, therefore, entitled to be granted the inspection he seeks "unless very cogent reasons are presented for denying such relief" (*Matter of Mook v American Fabrics Co.,* 24 AD2d 971, affd 17 NY2d 756). ¶ Appellant's answering papers contain only broad, conclusory allegations which do not rebut the presumption of good faith. In such circumstances, an evidentiary hearing is not warranted (see *Matter of Lewis v J & K Plumbing & Heating Co., supra; Matter of S. & S. Realty Corp. v Kleer-Vu Ind.,* 53 AD2d 552, 553; *Matter of Botwin v Central Structural Steel Co.,* 28 AD2d 522, 523). ¶ Accordingly, I dissent and vote to affirm.