■ In the Matter of RICHARD A. CURKENDALL, Respondent, v UNITED FEDERATION OF CORRECTION OFFICERS, INC., Appellant. — Appeals (1) from an order of the Supreme Court at Special Term (Cerrito, J.), entered June 27, 1984 in Schenectady County, which granted petitioner's application pursuant to subdivision (d) of section 621 of the Not-For-Profit Corporation Law to inspect and copy respondent's membership list and certain minutes of membership meetings of respondent, and (2) from an order of said court, entered August 30, 1984 in Schenectady County, which denied respondent's motion, *inter alia,* to reargue and renew.

Respondent, a not-for-profit corporation organized under the laws of New York, administers various types of member-funded benefits, such as group life and disability insurance, for its members. Respondent was apparently funded by leaders of The Union of Federated Correction Officers (TUFCO), an unincorporated association currently engaged in an attempt to win the right to represent, for collective bargaining purposes, correction officers employed by New York State in the Security Services Unit. At present, this unit's bargaining agent is the New York

State Inspection, Security and Law Enforcement Employees, District Council 82, AFSCME, AFL-CIO (Council 82), which allegedly does not want to be decertified as bargaining agent and has attempted to discredit and undermine employee support for respondent and TUFCO.

Petitioner is a member of respondent and alleges that respondent is mismanaged. In an apparent attempt to garner information to support this claim, petitioner sent respondent a written demand, including an affidavit of purpose (see Not-For-Profit Corporation Law, § 621, subd [c]), to inspect its records. After respondent refused to permit the inspection, petitioner made an application pursuant to subdivision (d) of section 621 of the Not-For-Profit Corporation Law to compel respondent to permit him to inspect the minutes of its proceedings and the list of its members. Special Term granted the application and, from the order entered thereon, an appeal followed. Respondent also moved for, *inter alia,* renewal, but Special Term denied the motion. From the order entered thereon, an appeal followed.

The right to inspect corporate books under section 621 of the Not-For-Profit Corporation Law requires good faith and a proper purpose on the part of the petitioner (see, e.g., *Matter of De Paula v Memory Gardens,* 90 AD2d 886, 886-887). If a respondent raises a substantial question of fact concerning the petitioner's good faith and proper purpose, a hearing must be held to determine whether the petitioner in fact seeks to examine the records in good faith and with proper motive (*supra,* at p 887). At the hearing, it is the respondent's burden to show bad faith and improper purpose on the part of the petitioner (*supra*).

It is evident that the documents originally submitted by respondent in opposition to petitioner's application consisted largely of conclusory assertions that petitioner was acting in bad faith without a proper purpose. For example, respondent's president affirmed that, upon information and belief, petitioner was aligned with Council 82 and planned to undermine respondent's support, but no facts to support these assertions were presented. On such a record, Special Term properly granted the application, concluding that respondent failed to present substantial questions of fact (cf. *Matter of Lewis v J & K Plumbing & Heating Co.,* 71 AD2d 708, 709, mot for lv to app den 48 NY2d 610).

Respondent's motion to renew, however, was supported by affidavits presenting new information which constitutes more than mere conclusory assertions and makes out a prima facie case of bad faith by petitioner. Respondent's president affirmed that he knew that petitioner is a supporter of Council 82 and

maintains a personal relationship with Council 82's executive director. A director of respondent stated that he was informed by a Council 82 supporter that petitioner was going to deliver respondent's membership list to Council 82. A member of respondent employed at Wallkill Correctional Facility indicated that he was threatened and harassed by Council 82 members, including the executive director, because of his involvement with respondent. These facts establish a possible link between petitioner, Council 82's executive director, and Council 82's alleged intimidation tactics and raised factual questions concerning petitioner's good faith and proper purpose in requesting to inspect respondent's membership list and minutes. Thus, on this record, a hearing is required to determine the good faith of petitioner in seeking inspection of the requested records of respondent, and Special Term abused its discretion in denying respondent's motion to renew.

Order entered June 27, 1984 reversed, on the law, without costs, and matter remitted to Special Term for a hearing to determine the good faith of petitioner in seeking inspection of the requested records of respondent.

Appeal from order entered August 30, 1984 dismissed, as academic, without costs. Kane, J. P., Main, Casey and Weiss, JJ., concur.