**NCR CORPORATION, Plaintiff,**

v.

**Frederick J. WAHL, William P. Sadler and Barbara K. Sadler, Defendants.**

**William P. SADLER, Barbara K. Sadler, and American Telephone and Telegraph Company, Plaintiffs,**

v.

**NCR CORPORATION, Defendant.**

**Nos. 91 Civ. 221 (LLS), 91 Civ. 348 (LLS).**

United States District Court, S.D. New York.

Jan. 28, 1991.

Weil, Gotshal & Manges (Greg A. Danilow, of counsel), New York City, for NCR Corp.

Wachtell, Lipton, Rosen & Katz (Bernard W. Nussbaum, of counsel), New York City, for Sadler and AT & T.

## OPINION AND ORDER

STANTON, District Judge.

William P. Sadler, Barbara K. Sadler (the "Sadlers") and American Telephone and Telegraph Company ("AT & T") move for an order directing NCR Corporation ("NCR") to produce a list of NCR's shareholders. The motion was granted on January 24, 1991 in an oral decision on the record in open court, for substantially the reasons stated here.

The facts in this application are not in dispute.

## BACKGROUND

The Sadlers have been shareholders of record of NCR for more than six months and more than five days ago they made a written demand on NCR for production of its shareholder list. The Sadlers assert that they do not desire the list for a purpose other than the business of NCR and that they have not engaged in the sale of a shareholder list within the last five years. Thus, they comply facially with the requirements of New York Business Corporation Law ("BCL") section 1315 for obtaining the list of shareholders of a foreign corporation doing business in New York.

NCR is a corporation organized under the laws of Maryland. It is qualified to do business in New York, and is doing a substantial volume of business here.

The Sadlers and AT & T seek the list to allow AT & T to solicit NCR shareholders for their votes or proxies in favor of a

resolution supporting the calling of a special meeting and the election of directors who will act to facilitate AT & T's tender offer for NCR's shares. Specifically, AT & T seeks to have NCR's directors redeem its "poison pill" shareholders' rights plan, and permit a business combination between AT & T and NCR under the Maryland Business Combination Act, which otherwise might prevent AT & T from merging with NCR for five years. *See* Md.Corps. & Ass'ns Code Ann. § 3–602 (1985 & Supp.1990).

## DISCUSSION

### 1. Applicability of section 1315

■ Maryland law compels production of a shareholder list only to shareholders who have owned at least five percent of a corporation's outstanding stock for at least six months. *Id.* § 2–513(a). Neither the Sadlers nor AT & T qualify under that requirement, and thus they could not compel production of NCR's shareholder list under Maryland law. *See Caspary v. Louisiana Land and Exploration Co.*, 707 F.2d 785 (4th Cir.1983) (enactment of section 2–513 extinguished common-law right of shareholder to inspect shareholder list).

■ BCL section 1315 provides that a New York resident shareholder of a foreign corporation doing business in New York is entitled to examine the shareholder list of the foreign corporation in person or by an agent if the shareholder has owned his shares for six months or owns five percent of any class of shares. N.Y.Bus. Corp.Law § 1315(a) (McKinney 1986).* The foreign corporation may deny the list to a shareholder who refuses to provide an affidavit stating that the list "is not desired for a purpose which is in the interest of a business or object other than the business of the foreign corporation" and that the shareholder "has not within five years sold or offered for sale any list of shareholders of any corporation". *Id.* § 1315(b).

The BCL provisions apply equally—or so substantially equally as to make no difference—to New York corporations, by virtue of the correlative provisions of BCL section 624.

Under section 1315(a), AT & T (which has held 100 shares of NCR for less than six months) is not entitled to NCR's shareholder list. Therefore NCR argues that the Sadlers' purpose for obtaining the shareholder list is improper because the purpose is only to give the list to AT & T.

That argument is strained. The Sadlers have personal interests, other than as AT & T's nominees, in seeing the tender offer succeed. As NCR shareholders they may legitimately wish to obtain a higher price for their shares than the market price before the tender offer was made. Solicitation for a proxy fight falls fairly within the phrase "the business of the foreign corporation" in section 1315(b). "Whenever the corporation faces a situation having potential substantial effect on its well-being or value, the shareholders qua shareholders are necessarily affected and the business of the corporation is involved within the purview of section 1315 of the Business Corporation Law." *Crane Co. v. Anaconda Co.*, 39 N.Y.2d 14, 382 N.Y.S.2d 707, 712, 346 N.E.2d 507, 512 (1976) (tender offer is proper purpose). *See also Rockwell v. SCM Corp.*, 496 F.Supp. 1123, 1126 (S.D.N.Y.1980) (proxy solicitation is "proper purpose" for shareholder list in request under common-law right of inspection); *In re Lopez*, 71 A.D.2d 976, 420 N.Y.S.2d 225, 226 (1st Dep't 1979) (proxy solicitation is proper purpose under BCL section 624).

### 2. Constitutionality of Section 1315

■ NCR claims that the inconsistency between the provisions of the BCL and

---

* Section 1315(a) states in part:

Any resident of this state who shall have been a shareholder of record, for at least six months immediately preceding his demand, of a foreign corporation doing business in this state, or any resident of this state holding, or thereunto authorized in writing by the holders of, at least five percent of any class of the outstanding shares, upon at least five days' written demand may require such foreign corporation to produce a record of its shareholders setting forth the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof and shall have the right to examine in person or by agent or attorney ... the record of shareholders or an exact copy thereof. . . .

**94**

Maryland law so threatens or imposes burdens on NCR as to violate the commerce clause of the United States Constitution.

Such impermissible burdens have been found in cases involving inconsistent rules regarding the voting powers of shares, or controlling the terms of tender offers, or requiring prior approval of acquisitions. *See Tyson Foods, Inc. v. McReynolds,* 865 F.2d 99, 102–03 (6th Cir.1989) (regulation of tender offers); *Campeau Corp. v. Federated Dep't Stores,* 679 F.Supp. 735, 738–39 (S.D.Ohio 1988) (acquisition required prior approval of state officials); *TLX Acquisition Corp. v. Telex Corp.,* 679 F.Supp. 1022, 1031 (W.D.Okla.1987) (regulation of voting rights). *See generally, CTS Corp. v. Dynamics Corp. of America,* 481 U.S. 69, 88–89, 107 S.Ct. 1637, 1649–50, 95 L.Ed.2d 67 (1987). Those are matters where differing rules in differing states would render a multi-state corporation ungovernable, or make its business transactions unmanageable or very difficult to manage.

No such threat is realistically posed by differing requirements concerning the disclosure of shareholder lists. Maryland does not prohibit NCR from disclosing its shareholder list under these circumstances, although Maryland law would not require disclosure.

The New York law imposes no different standard for requiring disclosure upon foreign corporations, as long as the foreign corporations are doing business and have shareholders in New York, than upon domestic corporations.

No differing controls over the corporation's actions, or differing standards of accountability are involved, but only the disclosure of the identities of the owners of the corporation so that communications about the corporation can be sent to them.

The *Restatement (Second) of Conflicts of Law* § 304, comment d (1971) states:

The right of a shareholder to inspect the books of a corporation poses special problems. This is an issue which can practicably be determined differently in different states. This is also an issue which, if decided differently in different states, will not seriously undermine the policy favoring uniform treatment for all shareholders of a corporation. For these reasons, a court will apply to a foreign corporation doing substantial business in the state a local statute providing for the inspection of books by a shareholder if in the court's opinion the statute embodies an important policy.

The availability of a list of shareholders to vote upon a proposed takeover of the corporation involves an important policy.

For these reasons, section 1315 of the BCL is not unconstitutional.

## CONCLUSION

The plaintiffs are entitled to the production of NCR's shareholder list, in accordance with the terms of section 1315, with which they have complied.