■ In the Matter of WILLIAM MAYER et al., Respondents, v NATIONAL ARTS CLUB, Appellant. [637 NYS2d 58] —Order of the Supreme Court, New York County (Martin Schoenfeld, J.), entered June 5, 1995, which granted petitioners' application to inspect and copy the membership lists, books and records, and all minutes of respondent, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of (1) restricting the grant of leave to inspection of the aforesaid books and records of respondent The National Arts Club at its offices and, (2) directing the designation of a mailing service, which shall distribute to persons on the membership list such materials as petitioners may desire to disseminate, by the parties and, if they are unable to agree on a service, by Supreme Court and, except as so modified, affirmed, without costs.

The Referee's report was properly confirmed as its findings are supported by the record (*see, Namer v 152-54-56 W. 15th St. Realty Corp.*, 108 AD2d 705). Testimony that the information is needed to communicate with fellow members regarding respondent's amended bylaws, its alleged questionable financial

practices, embezzlements, and increased administrative expenses as well as the dispute regarding residential tenants previously considered by this Court (*Matter of Jones v Division of Hous. & Community Renewal*, 211 AD2d 541, *lv denied* 85 NY2d 806) supports petitioners' claim that access is sought in good faith and for a proper purpose (Not-For-Profit Corporation Law § 621; *see, Matter of Crane Co. v Anaconda Co.*, 39 NY2d 14, 18-20). Respondent has failed to meet its "burden to show bad faith and improper purpose" (*Matter of Curkendall v United Fedn. of Correction Officers*, 107 AD2d 935, 936).

In view of the acrimony between the parties, we emphasize that the rent status of the buildings owned and operated by the Club has been established by prior ruling of this Court (*Matter of Jones v Division of Hous. & Community Renewal, supra*). Should access to respondent's books and records be utilized for any improper purpose, respondent may make application to Supreme Court for such relief as the court may, in the exercise of discretion, deem appropriate. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.