(75 App. Div. 188.)

In re KENNEDY et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. MANDAMUS—FACTS STATED IN ANSWERING PAPERS—PRESUMPTION OF TRUTH.
   Where, on an application for peremptory mandamus, relator proceeds wholly on the papers presented, only undisputed statements of fact contained in the petition can be considered, and every other statement of fact contained in the answering papers must be assumed to be true.

2. SAME—COMPELLING EXHIBITION OF CORPORATE BOOKS.
   Where, on an application for mandamus requiring the exhibition of the books of a corporation to executors, it appears that testator. a stockholder, sold to the corporation which bore his name the formulas for certain medicines and good will of the business of manufacturing the same, and that after being deposed as an officer he organized a new establishment in the same city for carrying on practically the same business in his own name, and had manifested ill-will toward the corporation in many ways, and after his death his executors pursued the same course with the manifest purpose of injuring its business, and reasonable statements of the affairs of the corporation have been furnished them, the object of the application is evidently in furtherance of such purpose, and mandamus should be denied.

3. SAME—CORPORATION—STOCK—TRANSFER TAX—VALUE—HOW DETERMINED.
   Where testator was a stockholder in a corporation, the public treasurer under the tax law could subpœna its officers to determine the value of the stock for purposes of the transfer tax, and an examination of its book by the executors is unnecessary for that purpose.

Appeal from special term, Ulster county.

Petition by Gilbert F. Kennedy and others as executors of the will of David Kennedy for mandamus compelling the Dr. David Kennedy Corporation to submit its books for examination. From an order awarding a peremptory writ (75 N. Y. Supp. 457), defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and FURSMAN, JJ.

Amos Van Etten (Howard Chipp, of counsel), for appellant.
John W. Searing, for respondents.

FURSMAN, J. The executors and trustees under the will of David Kennedy, deceased, petitioned for and obtained from the special term an order for a peremptory writ of mandamus compelling the Dr. David Kennedy Corporation, a corporation engaged in the manufacture and sale of certain proprietary medicines, to exhibit to them, to their attorneys, and to an expert accountant of their selection, the book of minutes· of the meetings of directors, committees, and stockholders from January 1, 1898, to the time of such. exhibition, and in short every book of every kind kept by the corpo-

¶ 2. See Mandamus, vol. 33, Cent. Dig. § 264.

ration, and to permit extracts to be taken therefrom at the will of the petitioners. This order was made on the ground and for the reason that the David Kennedy estate owned stock in the corporation, and a proceeding was pending before the treasurer of Ulster county to ascertain the value of such stock in order that the value of the taxable transfers under the will of Dr. Kennedy might be fixed, and the learned justice at special term placed his decision specifically on this ground. It is a settled rule of law that where, in an application for a peremptory writ of mandamus, the relators, as in this case, proceed wholly on the papers presented, only undisputed statements of fact contained in the petition can be considered, and every other statement of fact contained in the answering papers must be assumed to be true. People v. New York Cent. & H. R. Co., 156 N. Y. 570, 51 N. E. 312; People v. Brush, 146 N. Y. 60, 40 N. E. 502; People v. City of Brooklyn, 149 N. Y. 215, 43 N. E. 554; People v. St. Louis & S. F. Ry. Co., 47 Hun, 543.

From these papers it appears that Dr. David Kennedy in his lifetime sold to the Dr. David Kennedy Corporation certain formulas for the compounding of medicine, other property, and the good will of a business comprising the manufacture of proprietary medicines made from these formulas. He became then a stockholder in the corporation and an officer of it. By canvassing the public, and extensive and judicious advertising, the corporation established a large and lucrative business, its customers extending over a very considerable part of the country. Afterwards he was deposed as an officer of the corporation, and thereafter organized a rival establishment in the same city for conducting and carrying on practically the same business as that of the corporation defendant. He had sold to this corporation his name in connection with the business, formulas, and good will above mentioned, but he began to employ his name, which had become inseparably and valuably connected with these medicines, in the rival business. Even before this he had instituted lawsuits against the corporation, had attempted to seize its mail, and in many ways had manifested his ill-will towards it. He had asked for and obtained a reasonable statement of its affairs, assets, liabilities, and business, and these petitioners, after his death, have pursued the same course, with an evident desire and intent to injure the business of the corporation and build up the new and rival business which he had instituted. The material facts of the petition, other than the pendency of the inquiry before the county treasurer, are denied; the other facts above enumerated distinctly appear in the answering affidavits; and the inferences therefrom above suggested are inevitable. There is no longer any doubt of the right of a stockholder to examine the books of a corporation in a proper case and for a proper purpose (In re Steinway, 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461), but it must be in a proper case, and for a proper purpose. It is evident that the declared object of this desired examination, viz., to enable the county treasurer to ascertain the value of the stock of the corporation so that the value of the taxable transfers under Dr. Kennedy's will may be fixed, is a mere pretense, inasmuch as under the tax law the treasurer can subpœna

the officers of the corporation, and obtain from them thereunder all necessary information. It is apparent from the papers that the real object of the petitioners is to obtain information that will aid them in crippling the business of the defendant corporation, for the benefit of its business rival. This does not present a proper case for a peremptory mandamus, since it is clear that the object sought is not one of which the law approves.

The order must be reversed, and the proceedings dismissed, with $10 costs and the disbursements to the appellant. All concur.