In the Matter of the Application of RICHARD S. LEWIS, Petitioner. NAT LEWIS RETAIL CORPORATION et al., Respondents.

Supreme Court, Special Term, New York County, February 8, 1949.

*Victor Brudney* for petitioner.

*John Schulman* and *Morris Shilensky* for respondents.

PECORA, J. Petitioner, owner of 24% of the stock of the respondent corporation, moves to inspect the latter's books and records and to make extracts therefrom. The purposes of the application are, in substance, to ascertain the manner in which the business of the corporation is conducted, in order to determine whether same has been carried on properly; to determine the proper value of plaintiff's stock; to protect the value of such stock and plaintiff's interest as a stockholder and his interest in the profits of the corporation. Plaintiff is not an officer, director or employee of the defendant nor has he any other connection therewith beyond his stockholdings. It appears that he is not in any similar or competing business or contemplating entry into such a business, and that, as a matter of fact, he is presently employed as a chemical engineer in an industry completely foreign to the type of business done by defendant corporation. Plaintiff claims, substantially, that during the past four years, although profits earned by defendant are far greater than in years past, the dividends and returns upon his stock are disproportionate in that they are smaller than in prior years. He attributes this to alleged increases in payments in the form of salaries to officers and others for services which are not equivalent in value. It further appears that negotiations have been in progress for some time for the purpose of obtaining an examination of the corporate books and records and that certain records have been made available to him but others refused, and that as to some of the records made available, plaintiff's accountant was not permitted to make copies or extracts. Respondent, in general, opposes the application upon the grounds that petitioner, by reason of those records made available, has already obtained adequate information to serve his purposes; that a detailed examination would unduly harass the corporation and its officers; and that he is not acting in good faith. No facts have been adduced to show that petitioner is not acting in good faith. He is a fairly substantial stockholder and admittedly has no real knowledge of the methods of the conducting of respondent's business or of the disposition of the profits which admittedly are present. His accountant in an affidavit points out specific instances in which the books and records shown to him fail to serve the purposes for which the inspection is sought, and that other books and records of the respondent containing the underlying data are necessary to adequately disclose the true picture of the corporation's business. Some of such books and records were refused him. Respondents may not limit the right

of a stockholder to examine its books and records only to those books and records it may deem sufficient to answer petitioner's purpose. Stockholders have a right to examine the corporate books to determine whether the officers of a corporation are properly managing its affairs, or for any other proper purpose, even though upon an examination of the books it should appear in fact that there was no mismanagement (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464; *Matter of Steinway*, 159 N. Y. 250, 254, 263).

Under all the circumstances, I am of the opinion that a proper case has been presented for the relief sought. The motion to inspect is, therefore, granted. Settle order providing for a time and place for the examination which shall not unduly inconvenience or interfere with the carrying on of respondent's business.