Morris E. Spector, J.
This proceeding under article 78 of the Civil Practice Act for an inspection of the books and records of the respondent is granted.
Eespondent opposes the application on the ground that petitioner is not proceeding in good faith and on the further ground that the right to the inspection is controlled by the law of the State of New Jersey, the domicile of the respondent, which requires petitioner to establish the purpose and necessity for the inspection.
No facts are submitted by respondent to raise a triable issue as to petitioner’s bad faith in seeking the inspection. The fact that petitioner desires to become a director does not constitute bad faith (Matter of Martin v. Columbia Pictures Corp., 133 N. Y. S. 2d 469, affd. 283 App. Div. 926, affd. 307 N. Y. 922). Moreover, the mere allegation that petitioner’s remarks at the annual meeting intimating that he would create unfavorable publicity for the respondent, even if true, is not substantiated by any facts showing that petitioner took any steps to effectuate the adverse publicity. Under these circumstances, no issue is presented as to petitioner’s bad faith or improper motives (Merritt v. Forty Wall St. Bldg., 133 N. Y. 8. 2d 802).
Eespondent’s contention that New Jersey law is controlling and that petitioner must, therefore, demonstrate the purpose and necessity for the inspection lacks substance. Although the respondent is a New- Jersey corporation, it is licensed to do business in this State and has its office and records here. Under these circumstances, the right to inspection of the records of a foreign corporation actively functioning in this State is to be determined by the same principles as are applicable to a domestic *979 corporation (People ex rel. Solomon v. Brotherhood of Painters, 218 N. Y. 115; Matter of Rogers v. American Tobacco Co., 143 Misc. 306, affd. 233 App. Div. 708). Consequently, petitioner is not required to show a specific purpose for the desired inspection and that the inspection is necessary for the protection of his interests and those of stockholders. Petitioner has the right to obtain the inspection for the purpose of verifying the basis for the amounts set forth in the annual reports (Matter of Martin v. Columbia Pictures Corp. supra; Merritt v. Forty Wall St. Bldg., supra).
Settle order, before June 24, 1959, on 24 hours’ notice.