Charles A. Loreto, J.
Motion No. 71 of June 24,1959, is consolidated with motion No. 70 of June 24, 1959.
Petitioner moves for an order granting to it an inspection of the books of account and other corporate records and papers of the respondent corporations.
The deceased was, and the petitioner is, a stockholder in two of the respondent corporations. It is alleged that the remaining respondent corporations are subsidiaries and under the control of such corporations. The inspection is desired and is necessary, it is said, to enable the petitioner executor to prepare and file Federal and New York State tax returns, to enable the petitioner to ascertain the true and fair market value of the stock in connection with any sale thereof and to consider the facts and circumstances affecting the failure of declaration of dividends.
The respondents are closed corporations and, as stated by one of the individual respondents, a sale of the stock might be to the estate’s interest. The stock in question consists of more than 50% of the equities held in the estate. Hence, the interests of the petitioners in the corporations are substantial.
There is no doubt that a stockholder is entitled to examine the books of the corporation for proper purposes when acting in good faith (Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464). This is both a statutory and common-law right. However, it is a qualified right in that such inspection rests in the sound discretion of the court which in exercising ‘ ‘ the court should proceed cautiously and discreetly according to the facts of the particular case.” (Matter of Steinway, 159 N. Y. 250, 264.) The court must, therefore, ascertain whether or not the petitioner has demonstrated the necessity and propriety for the allowance of the inspection.
The first reason assigned for the desired inspection is to enable the petitioner executor to prepare and file Federal and New York State tax returns. The court does not believe there is much merit to this ground for the reason that the taxpayer has sufficient protection in relying upon the figures submitted by the certified public accountants serving the respondent corpo *794 rations. Furthermore, an examination sought on this ground has been rejected in Matter of Kennedy (75 App. Div. 188).
The second basis upon which the inspection is sought, to wit, to enable the petitioners to ascertain the true and fair market value of the stock in connection with any sale thereof, is one that has considerable merit in this case. In view of the fact that these are closed corporations, it is hardly likely that the sale of petitioner’s stock can be made to any strangers. With this conclusion, the respondents do not take issue. The fact of the matter is that they would not want any outsiders as stockholders in any of these corporations. Therefore, the only ones to whom the petitioner can reasonably sell her holdings are the individual respondents. It is asserted by the respondents that the petitioner has made no offer of sale and has no immediate offer of purchase and that this relief should not be granted until a proposal of sale is pending. Even if this were so, the petitioner would not be in the best position to determine or be satisfied as to what price to ask for her stockholdings without having the right to her own inspection of the records and appraisal of her stock. They also assert that it would be sufficient for the petitioner to have the statements of the certified accountant of these firms, who has been with them many years and whose statements the petitioner’s deceased husband accepted with confidence. Without intending in any wise to impugn the integrity and honesty of the said accountant, or the accuracy of his corporate statements, neither law nor reason would impel the need to dictate that the widow accept any reports that her husband might have accepted.
Also respondents urge that “ the hostility of decedent’s widow toward his brother may have a salient bearing on the institution of the instant proceeding ’ ’. The latter is a vice-president of the first-named respondent and president of the second-named respondent herein. Petitioner bank correctly observes that hostility does not establish bad faith. However, it would accentuate its fiduciary duty to ascertain all the facts regarding the value of the deceased’s stock holdings.
With respect to the question of the sale of petitioner’s stock, an affidavit has been submitted by a trust officer of the petitioner, wherein he asserts that in several conversations with the respondent, Eosenhirsch, in April, 1959, the latter stated, “ it would be to the interests of the estate and of all concerned that the stock owned by decedent’s estate in such corporations be sold by the estate and purchased by the Eosenhirsch interests ” and “on or about the 28th day of April, 1959, on the occasion *795 of the annual meetings of the stockholders of such corporations, he told me that the Eosenhirsch interests were interested in buying such stock. I told him that petitioner would sell only after an independent audit of the records of the corporation and he agreed to such an audit. His subsequent change of position necessitated the instant proceedings.” For this reason the court is satisfied that the petitioner is entitled to the inspection herein sought.
It will, therefore, be unnecessary to consider the third basis upon which the petitioner relies.
The motion is granted for the inspection with respect to the respondent corporations H. Eosenhirsch and Company and International Commodities Corporation.
With respect to the remaining corporate respondents the petitioner is not a stockholder and it is not shown the extent to which they are controlled by the parent corporations nor has any authority been submitted or found authorizing the examination of the records of those corporations by the petitioner. The relief sought as to these corporations is denied, however, without prejudice to a renewal after the completion of the inspection herein allowed as to the parent corporations and upon proper showing of the necessity and authority therefor.
Settle order.