James D. Hopkins, J.
The petitioner in this proceeding under article 78 of the Civil Practice Act applies for an order permitting his attorney and himself to examine the books and records of J. Smilkstein & Sons, Inc., a family corporation in which he is a stockholder. The application is resisted by the officers of the corporation on the ground that it is not made in good faith, but rather to bludgeon the corporation into paying an excessive price for petitioner’s stock.
Both at common law and by statute, a stockholder has a qualified right of inspection of corporate books and records (Matter of Steinway, 159 N. Y. 250; Stock Corporation Law, § 10; 11 N. Y. Jur., Corporations, § 137, pp. 220-222). The right is qualified by the requirement of good faith for a proper purpose (Matter of Martin v. Columbia Pictures Corp. (133 N. Y. S. 2d 469, affid. 283 App. Div. 926, affd. 307 N. Y. 922).
Originally, the corporation was formed for the purpose of carrying on a business conducted as a partnership between Jacob Smilkstein and certain of his sons. All of the stock is owned presently by the brothers. The petitioner is not engaged actively in the business, but the brothers do take an active part in the conduct of the business. Petitioner is not a director of the corporation.
For some time prior to this application, negotiations have been pending for the purchase of petitioner’s stock. Apparently the dealings came to naught, because of a failure to reach a mutually acceptable purchase price. Now the petitioner states that he desires an inspection for the purpose of determining the value and status of his interest in the corporation.
*883 There is no showing here that the petitioner is hostile to the corporation, or is motivated to use the information gathered to injure its pursuits. (Cf. People ex rel. Giles v. Klauder-Weldon Dyeing Mach. Co., 180 App. Div. 149.) It is a legitimate purpose for the inspection of corporation books and records that the petitioner desires to determine the value of his holdings. (Matter of Stoopack v. G. Fuller Co., 18 Misc 2d 977, affd. 9 A D 2d 605; Matter of Lewis v. Lewis Retail Corp., 194 Misc. 427; Matter of Wygant, 101 Misc. 509.) The application is granted.