William 0. Heoht, Jr., J.
Petitioner seeks an order directing respondent to produce for his inspection all of its hooks and records and those of its subsidiaries which relate to their operations from January 1,1952 to March 15,1962.
The petition alleges that petitioner, a stockholder of respondent, together with several other stockholders, is a member of a “ Better Management Committee ” which is seeking to elect new directors and new management for respondent. The petition further alleges that respondent’s earnings over the past 10 years have fluctuated, and that no dividend has been declared on the common stock in three of those years. Petitioner requests that all documents to be inspected be collected for such inspection and transmitted to respondent’s office in Boston, Massachusetts, excepting those now located in New York.
Respondent’s answer, in addition to admitting petitioner’s request for inspection and its denial thereof, asserts that (1) this court should refuse jurisdiction of this proceeding; (2) the petition does not allege petitioner is a stockholder of any of its subsidiaries; (3) no need is shown for the inspection; and (4) the alleged purpose of the inspection fails to justify the damage resulting therefrom.
It is well established that a stockholder, absent a frivolous intent or desire to harass, has a right to examine the corporate books to determine whether the officers and management of a corporation are properly conducting its affairs (Matter of Steinway, 159 N. Y. 250; Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464, 471). Here, however, petitioner goes far beyond the usual request for an inspection. He seeks not only an examination of the corporate minute books, general ledgers, journals and cash books of respondent and its subsidiaries but also wants respondent to produce “ any private ledgers, * * * all books of original entry, * * * voucher registers, sales books, receipts and disbursements, * * * contracts, agreements and memoranda of account, bank vouchers, purchase invoices, petty cash slips and all other documents and records upon which bank, ledger and balance sheet entries are based.” His demand upon respondent also included delivery schedules, agreements, leases, memoranda, travel and entertainment accounts and a variety of other trivia.
While petitioner, as a stockholder, may be entitled to an inspection of corporate records, it is apparent that his request that such records be collected in Boston, Massachusetts, is unreasonable and, at this time, wholly unwarranted on the facts set forth in the petition. It is to be noted that respondent is a Maine corporation, engaged directly and through subsidi *384 aries in five States, Canada and Mexico in the production and sale of metals, coal, gas and oil and in the operation of a railroad. It has operating offices or sales offices in New York, Boston, Massachusetts, Utah, Alaska, Texas, New Mexico, Canada and Nevada, There is no reason shown which would warrant the court, at this time, to disrupt respondent’s business affairs throughout this country and elsewhere by compelling it to gather and ship to Boston all of the varied and trivial data requested by petitioner. The volume of such records, obviously, would be tremendous and the task of collection and transmittal undoubtedly would cripple, if not halt, the operations of respondent and its allied companies.
Despite petitioner’s vehement assertions to the contrary, an examination by him at this time of the appropriate corporate records kept in New York and in the principal office in Boston, Massachusetts, should be sufficient for his present needs. Undoubtedly, the records of the respondent parent company will reflect its transactions with its branch offices and with any wholly owned subsidiaries.
Accordingly, petitioner’s application is granted to the extent that he may examine the following books and records of respondent which may be kept and are physically present in New York or Boston, Massachusetts: (1) minute and stock record books; (2) general ledger; (3) books of original entry, including journals and cash books; (4) payroll ledgers; and (5) books of account.
If, during the course of the examination, petitioner finds that any of the above-enumerated books and records are not in respondent’s New York or Boston offices, he may request their production in either office or, if necessary, make application therefor to the court. The balance of his request is denied.
There is no merit to respondent’s contention that this court should decline jurisdiction of this application. Despondent admittedly is engaged in business in New York; it is elementary, therefore, that it thereby comes within the jurisdiction of this State and is subject to the proceeding brought here by petitioner (People ex rel. Solomon v. Brotherhood of Painters, 218 N. Y. 115).
Let an order in favor of petitioner, as herein indicated, be settled within five days after the filing and publication of this memorandum opinion.