■ In the Matter of HYMAN WALDMAN, Appellant, v. ELDORADO TOWERS, LTD.; Respondent.— Judgment, denominated an order, entered February 11, 1966, unanimously reversed on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to petitioner-appellant, and the application for inspection of respondent corporation's books and records is granted. While petitioner's papers are not detailed in asserting his grounds for seeking the inspection, they do make clear, and it is not disputed by the respondent corporation's opposing papers, that petitioner has been excluded from information concerning the assets, funds and dealings of this close corporation in which he is a shareholder. Assuming good faith (and no facts indicating petitioner's

bad faith are alleged) this would entitle him to an inspection (*Matter of Stein-way*, 159 N. Y. 250; 11 N. Y. Jur., Corporations, §§ 137, 149). Moreover, the offer by the corporation to buy petitioner's stock itself is a valid ground for petitioner's request, since he would be entitled to ascertain the stock's value for himself before selling (*Matter of Smilkstein* v. *Smilkstein & Sons*, 32 Misc 2d 882 [Hopkins, J.]; *Matter of Bankers Trust Co.* v. *Rosenhirsch Co.*, 20 Misc 2d 792, 794 [Loreto, J.]; *Matter of Pearson* v. *Formrite Corp.*, 223 N. Y. S. 2d 15 [Meyer, J.]; Anno., Corporate Records — Inspection — Purpose, 15 ALR 2d 11, 42–45). Concur — Botein, P. J., Breitel, Rabin and Eager, JJ.