■ In the Matter of JOHN BONDI, Appellant, v BUSINESS EDUCATION FORUM, INC., Respondent.—Order unanimously modified in accordance with memorandum and as modified affirmed, with costs, to appellant. Memorandum: The parties have submitted this appeal on a record which does not contain the petition and certain other pertinent documents. The briefs contain statements of fact, however, which indicate no dispute of fact, and we accept them as supplementing the record. Moreover, upon the argument it was stipulated that the petition requests examination of respondent's minutes and books of account and records from 1968 to date and that the appeal be deemed an appeal from the order insofar as it failed to grant such relief. As the owner since 1968 of 5,000 shares of common stock of respondent corporation, in the spring of 1974 petitioner sought leave to inspect the books and records of the corporation, to inquire into the reason for its economic difficulties. When his request was refused he instituted an article 78 proceeding for an order directing respondent to permit him to inspect its minute books and books of account and records. In July 1974 Special Term, per Justice Moore, found that issues of fact existed concerning petitioner's good faith and purpose in seeking the inspection, and he directed that a

hearing be had to resolve those issues. A hearing thereon was conducted before Justice Abbott, after which on December 3, 1974 he wrote a memorandum containing his conclusions that "petitioner's request is made in good faith and for the proper purposes of protecting his investment and ascertaining whether the respondent corporation is being properly managed". Before an order was entered upon that decision, Justice Abbott retired from office. Based upon Justice Abbott's decision, application was then made at Special Term for an order directing respondent to permit petitioner to examine and inspect the minutes of the proceedings of the shareholders and directors and respondent's books of account and records, and make copies therefrom. Special Term, O'Donnell, J., granted the application in part only, to wit, for the period of two years preceding his order, and limited it to inspection of the minutes and the balance sheets and annual profit and loss statements; in effect Special Term denied the application except for the corporate minutes and the balance sheets and annual profit and loss statements for the two-year period. Petitioner appeals from the order only insofar as it denied him complete relief. Under the common law and the statute (Business Corporation Law, § 624) a stockholder who is acting in good faith and for the purpose of protecting his investment and ascertaining whether the corporation is being properly managed, has the right to inspect the corporate minutes and books of account and records at reasonable hours and in a manner which will not unduly disturb the corporation in the conduct of its affairs, the latter to be determined in the sound discretion of the court *(Matter of Durr v Paragon Trading Corp.,* 270 NY 464; *Matter of Steinway,* 159 NY 250; *Matter of Waldman v Eldorado Towers,* 25 AD2d 836, affd 19 NY2d 843; *Matter of Malone v Dimco Corp.,* 68 Misc 2d 610, affd 38 AD2d 781; Business Corporation Law, § 624; 3 White, New York Corporations (13th ed), § 624.03 subds [1], [3]). Petitioner is especially entitled to the examination in view of the offer by the directors of the corporation to buy his stock at a grossly reduced price *(Matter of Waldman v Eldorado Towers, supra; Matter of Smilkstein v Smilkstein & Sons,* 32 Misc 2d 882). No reason was assigned by Special Term for curtailing petitioner's inspection rights as it did; and it was an abuse of the court's discretion to deny any part of the application. The order should, therefore, be modified by expanding its scope in accordance with the application, subject only to the provision that the inspection, to proceed at once, may not unduly disturb the corporation in the conduct of its affairs. If the parties cannot agree in this respect, Special Term shall prescribe the details of the times and manner of the inspection. (Appeal from order of Supreme Court, Erie County—Business Corporation Law, § 624.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.