■ In the Matter of HAROLD M. GLASSMAN et al., Appellants, v LOUIS SHIFFMAN, INC., et al., Respondents.—Judgment, Supreme Court, New York County, entered May 24, 1976, which denied petitioner's motion for inspection and dismissed the petition, unanimously modified, on the law and in the exercise of discretion, the petition to examine the corporation's books and records granted, without costs and without disbursements. Such inspection should be conducted in the pending action for specific performance in Queens County. Appeal from order, Supreme Court, New York County, entered August 13, 1976 which denied petitioners' motion for reargument (denominated as one to reargue and/or renew) unanimously dismissed, as nonappealable, without costs and without disbursements. Petitioner has offered to sell his shares in the closely held corporation which is owned by himself and other members of his family. At issue in this proceeding is whether petitioner should be allowed to examine the books and records of the corporation in order to help determine the sales price. An action for specific performance to require transfer of the stock is pending in Queens County Supreme Court. An agreement between the parties provides that: Book value shall govern the sales price; book value shall be determined by the corporation's certified public accountant; such determination, when made, certified, and delivered to the company, shall be binding upon the parties; and the determination shall be in accordance with sound accounting practice. Petitioner offered to sell his shares; respondent accepted the offer. The "certified statement" presented by respondent was a balance sheet which did not contain the name of the corporation. The accountant's opinion did not state the name of the company to which it related nor was the opinion signed by the accountant. Furthermore, standard auditing procedures were not followed, nor did the statement reflect that the accountant adhered to sound accounting practice. Petitioner refused to accept the statement as binding and requested to inspect the corporate books and records asserting his common-law right to do so *(Matter of Steinway,* 159 NY 250, 263). Under ordinary circumstances the sale to the corporation by a shareholder of his stock is a valid ground for inspection of the corporation's books and records *(Matter of Waldman v Eldorado Towers,* 25 AD2d 836, 837, affd 19 NY2d 843; *Matter of Bondi v Business Educ. Forum,* 52 AD2d 1046).* However, where the parties agree that the accountant's report would be final as to what the books showed, a party is entitled solely to an accountant's unchallenged report, and an audit of the books and records is not permitted *(Matter of Baron v Royal Paper Corp.,* 36 AD2d 112, 114). In the case at bar, the method agreed upon was not used in that the statements were not certified, standard auditing procedures were not followed,

and the statements were not made in accordance with sound accounting practices. Furthermore, the parties agreed to more than a mere listing of what the books showed. Therefore we hold that petitioner is entitled to inspect the corporate books and records. Discovery in the pending Queens County Supreme Court action should be conducted in accordance with this memorandum. An order denying a motion for reargument is not appealable, even when the motion is denominated as one for reargument and/or renewal (10 Carmody-Wait, NY Prac, § 70:42; *Matter of Biscaglio v Roshan Taxi*, 43 AD2d 919). Settle order on notice. Concur—Kupferman, J. P., Lupiano, Silverman, Capozzoli and Nunez, JJ.