■ In the Matter of RICHARD M. RESNIK, Respondent, v ADMIRAL CAPITAL CORPORATION, Appellant. [607 NYS2d 294] — Order and judgment (one paper), Supreme Court, New York County (Lewis Friedman, J.), entered August 25, 1993, *inter alia,* granting petitioner Resnik's motion to reject the Referee's report and directing respondent to provide for the inspection of corporate books and records, unanimously affirmed, without costs.

Once petitioner established a proper purpose for requesting inspection of certain corporate records, books and ledgers, etc., pursuant to Business Corporation Law § 624, the burden of proof was upon respondent-appellant corporation to justify its refusal of all inspection by showing an improper purpose or bad faith *(see, Matter of Lewis v J & K Plumbing & Heating Co.,* 71 AD2d 708). Respondent Admiral has failed to meet its burden of showing bad faith. The Special Referee applied the incorrect burden of proof, requiring petitioner, the only witness at the hearing, to establish that his demand was made for a proper purpose and in good faith. Thus, the IAS Court was justified in rejecting the report, as the analysis therein was based upon an erroneous premise.

Contrary to respondent's contentions, petitioner's ownership of 2.8% of the common stock and $1,666 investment in preferred stock in the corporation was not so insignificant as to defeat his request for inspection pursuant to section 624. Similarly, the scope of inspection granted was neither too broad nor trivial *(cf., Matter of Beryl v United States Smelting Ref. & Min. Co.,* 34 Misc 2d 382).

We have considered respondent's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Tom, JJ.