■ In the Matter of PETERBOROUGH CORPORATION, Appellant, v KARL EHMER, INC., Respondent. [628 NYS2d 134] —In a proceeding pursuant to CPLR article 78 to compel the production of the books and records of the respondent pursuant to Business Corporation Law § 624, the petitioner appeals from so much of an order and amended judgment (one paper) of the Supreme Court, Queens County (O'Donoghue, J.), dated February 23, 1994, as, upon a judgment of the same court, dated November 12, 1993, granting the petition only to the extent of directing the production by the respondent of certain corporate books and records for the 1992 fiscal year, and upon the appellant's post-judgment motion for renewal and reargument,

as granted the motion only to the extent of directing the production of other enumerated books and records for the 1992 fiscal year.

Ordered that the order and amended judgment is reversed insofar as appealed from, with costs, and the motion is granted to the extent that the respondent must produce its corporate books and records for the 1993 fiscal year equivalent to those corporate books and records for the 1992 fiscal year enumerated in the judgment dated November 12, 1993, and the order and amended judgment dated February 23, 1994, upon written notice of not less than 20 days, or at a time and place to be agreed upon by the parties.

It is well settled that a shareholder has both statutory and common-law rights to inspect the books and records of a corporation if inspection is sought in good faith and for a valid purpose (see, Business Corporation Law § 624; Matter of Crane Co. v Anaconda Co., 39 NY2d 14; Matter of Tatko v Tatko Bros. Slate Co., 173 AD2d 917; Matter of Lopez [SCM Corp.], 71 AD2d 976; Sivin v Schwartz, 22 AD2d 822). In the instant case, the appellant demonstrated its entitlement to inspect and examine the enumerated records of the respondent for the 1992 fiscal year, a determination not challenged by the respondent. However, in light of the respondent's failure to publish its 1993 balance sheets or profit-and-loss statements, or to otherwise provide the appellant with any information about the respondent's financial condition, we also find that the appellant established its right to inspect the equivalent records covering the 1993 fiscal year. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.