■ MARILYN STADTMAUER, Appellant, v BREL ASSOCIATES IV, L.P., Respondent. [704 NYS2d 237] —Order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J.), entered March 16, 1998, which, in an action for specific performance of the sale of a cooperative apartment, granted defendant seller's cross motion for summary judgment, declared that defendant is entitled to retain plaintiff buyer's down payment, and denied as moot plaintiff's main motion for disclosure sanctions, unanimously modified, on the law, to the extent of vacating the declaration and directing defendant to return the buyer's down payment and, except as so modified, affirmed, without costs.

On March 15, 1995, with advice of counsel, plaintiff signed a contract to purchase the shares allocated to the apartment that she had occupied for a number of years. Prior to the signing, by letter dated January 23, 1995, plaintiff's attorney sought modification of the instrument to include a time period in which to perform due diligence following receipt of the offering plan and the minutes of the annual shareholders' meeting and a provision making the contract conditional upon "minor maintenance work being performed." Defendant seller declined to accept the proposed modifications, and the signed contract provides that the purchaser will take the premises "as is", that the seller is under no obligation to perform any repairs and that the purchaser has reviewed or waived review of documents pertinent to the transaction, including the offering plan. In lieu of repair by the seller, the contract gives the buyer the right to "cancel this Contract * * * and recover all sums theretofore paid an account of the Purchase Price."

Following an extensive period of delay in closing, the seller sent a letter to plaintiff's attorney declaring time to be of the essence and demanding closing take place by August 30, 1995. In the correspondence that ensued, counsel for plaintiff treated the contract as though it had been amended, as originally

sought, to require the seller to perform maintenance and repair work in the apartment. Thereafter, by letter dated August 24, plaintiff's son notified defendant's managing agent that "over the last few weeks severe water damage has occurred in the bathroom of our apartment." By letter dated October 6, plaintiff's attorney notified seller's counsel that the purchaser considered the contract breached because of the water damage, the seller's failure to comply with the terms of the modification originally proposed and other asserted defects. In response, defendant sent plaintiff a check for the amount of her security deposit, which her attorney returned to the seller. The accompanying letter asserts that his "client is both ready and willing to close title at such time as the existing impediments created by the Seller's actions or inactions are resolved."

It is apparent from the record that plaintiff purchaser never expressed her willingness to proceed to closing upon the terms and conditions of the contract of sale, that is, without performance of the demanded maintenance and repairs. Taken together, the various letters sent to defendant comprise notice that plaintiff would not close the sale because of the damage to the premises. It is a rule of long standing that, as a matter of law, the declaration by one party that material obligations imposed by contract will not be performed relieves the other party of any duty to perform obligations similarly imposed by the contract (*Howard v Daly*, 61 NY 362, 370, 374). In the absence of agreement to the contrary, the renunciation of contractual obligations gives rise to an immediate cause of action by the other party (*Sven Salen AB v Jacq. Peirot & Sons*, 559 F Supp 503, 506, *affd* 738 F2d 419 [2d Cir], citing 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 213.10 [anticipatory breach of contract]). As a matter of equity, a party who has indicated that she will not abide by the terms of the contract will not be heard to demand its specific performance (*see*, *Amarant v D'Antonio*, 197 AD2d 432, 434).

Damage to the premises is a contingency that is expressly provided for in the contract of sale. If the seller refuses to perform repairs, the purchaser may elect either to proceed with the transaction and undertake the repairs or cancel the contract and receive a refund of the security deposit. Plaintiff may not abdicate her contractual obligation to close title and sue defendant for specific performance; she is nevertheless entitled to pursue her contractual remedy and recover her down payment. Concur—Nardelli, J. P., Williams, Ellerin, Rubin and Andrias, JJ.