■ In the Matter of JOHN R. DYER, Appellant, v INDIUM CORPORATION OF AMERICA, Respondent. [770 NYS2d 184]—

Carpinello, J. Appeal from a judgment of the Supreme Court

---

(Benza, J.), entered October 30, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondent to make various materials available for inspection and copying.

Petitioner owns approximately 6% of respondent's stock. All of the remaining outstanding shares are owned by one other individual, who is respondent's chief executive officer and chair of its board of directors. Suspecting that respondent was improperly retaining income otherwise payable to him, petitioner sought to inspect its books and records. Respondent provided the minutes of its shareholders and board of directors meetings, but otherwise rebuffed petitioner's requests for records. Instead, it offered to purchase petitioner's shares. Petitioner thereafter commenced this CPLR article 78 proceeding seeking inspection of records that his accountant deemed necessary in order to determine the value of his shares. Supreme Court found an insufficient basis for petitioner's inspection demand, which it viewed as overly broad, and dismissed the petition. Petitioner now appeals, contending that his inspection demand was made for a proper purpose. Finding that petitioner has made a sufficient showing to warrant further proceedings, we reverse.

A shareholder has a common-law right to inspect the books and records of a corporation so long as the inspection is sought in good faith and for a proper purpose (*see Matter of Steinway,* 159 NY 250, 263 [1899]; *Matter of Tatko v Tatko Bros. Slate Co.,* 173 AD2d 917, 917 [1991]). The corporation bears the burden to show bad faith or an improper purpose and, when such a showing is made, a hearing must be held to resolve these issues (*see De Paula v Memory Gardens,* 90 AD2d 886, 887 [1982]; *cf. Matter of Troccoli v L & B Contr. Indus.,* 259 AD2d 754, 755 [1999]). Here, petitioner's primary rationale for demanding access to respondent's books and records was the valuation of his stock in order to evaluate the purchase offer, which has been held to be a proper purpose for inspection (*see Berkowitz v Astro Moving & Stor. Co.,* 240 AD2d 450, 451 [1997]; *Matter of Tatko v Tatko Bros. Slate Co., supra* at 918). Accordingly, petitioner is entitled to the inspection he seeks unless respondent put forth facts showing that petitioner was acting in bad faith.

In opposition to the petition, respondent's attorney claimed that the breadth of petitioner's document demand, which encompassed many types of documents over an eight-year period, demonstrated his bad faith. He further claimed that petitioner had no basis for investigating possible mismanagement and that corporate records, financial statements and tax information already in his possession were sufficient to enable

valuation of the stock. These assertions are insufficient to raise a question of fact regarding petitioner's good faith. In any event, even assuming respondent had made a sufficient showing to raise doubts as to petitioner's motives, the proper remedy would not be dismissal of the petition, as occurred here, but rather a hearing to resolve the issue.

We do agree with Supreme Court that petitioner's inspection demand may be overly broad. Petitioner's expert, a certified public accountant, averred that he compiled the list of documents being sought here, each of which he claims is necessary to properly determine the value of petitioner's shares. Respondent, however, maintains that the demand for documents spanning an eight-year period is unduly burdensome and has raised legitimate concerns regarding the release of confidential information. On this record, we cannot determine which records are truly necessary and, accordingly, remit the matter for a hearing to determine the proper scope of inspection (*see Matter of Troccoli v L & B Contr. Indus., supra* at 755; *Matter of Tatko v Tatko Bros. Slate Co., supra* at 919), which can, if necessary, be subject to a protective order limiting the release of such information (*see Matter of Tatko v Tatko Bros. Slate Co., supra* at 918).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.