■ In the Matter of MICHAEL G. DWYER, Respondent, v DI NARDO & METSCHL, P.C., Formerly Known as DI NARDO, METSCHL & DWYER, P.C., Appellant. [838 NYS2d 745]—

Appeal from a judgment of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 13, 2006 in a proceeding pursuant to CPLR article 78. The judgment granted the petition and ordered respondent to produce certain financial records for inspection.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by striking exhibit A attached to the judgment and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for a hearing in accordance with the following memorandum: Petitioner commenced this

CPLR article 78 proceeding to compel respondent to produce certain financial records for inspection. Pursuant to the terms of the February 14, 2002 Stockholders' Agreement (Agreement), petitioner was the owner of 5% of the shares of respondent and was required to sell those shares to respondent upon his termination from employment with respondent. When petitioner left respondent's employment in 2005, respondent provided him with financial statements for the years 2003 and 2004 but denied his request to inspect the books and records. Supreme Court properly determined that petitioner was entitled to access the books and records, although we agree with respondent that the scope of the inspection granted by the court is overly broad.

"It is well settled that a shareholder has both statutory and common-law rights to inspect the books and records of a corporation if inspection is sought in good faith and for a valid purpose" (*Matter of Peterborough Corp. v Karl Ehmer, Inc.*, 215 AD2d 663, 664 [1995]; *see* Business Corporation Law § 624; *Matter of Crane Co. v Anaconda Co.*, 39 NY2d 14, 18-20 [1976]; *Matter of Tatko v Tatko Bros. Slate Co.*, 173 AD2d 917 [1991]). Petitioner alleged in his petition that he complied with Business Corporation Law § 624 (*see Crane Co.*, 39 NY2d at 20), and he set forth a proper purpose for the inspection, i.e., that an inspection of the books and records of respondent was necessary in order to determine the value of the shares (*see Tatko*, 173 AD2d at 918). It therefore became "incumbent on [respondent] to justify its refusal by showing an improper purpose or bad faith" (*Crane Co.*, 39 NY2d at 20). Respondent failed to make such a showing, and thus a hearing on those issues was not warranted (*see Matter of Dyer v Indium Corp. of Am.*, 2 AD3d 1195, 1196-1197 [2003]; *Matter of Troccoli v L & B Contr. Indus.*, 259 AD2d 754, 754-755 [1999]; *Matter of Resnik v Admiral Capital Corp.*, 201 AD2d 306 [1994]). Respondent contends that petitioner's request was made in bad faith because the Agreement sets forth the method for calculating the value of the shares. We reject that contention. Pursuant to the terms of the Agreement, the purchase price of the shares "shall be the sum of . . . the portion of the book value of the corporation allocable to the shares owned by [petitioner], determined . . . by the accountants then servicing the Corporation." Here, respondent's accountants never made such a determination. Indeed, they stated that the information in their report came from respondent's management, and the accountants expressed no opinion regarding the financial statements. "At a minimum, book value requires not only that the entries be complete and correct, but that accepted accounting principles not be entirely disregarded . . .[, and] petitioner should be accorded an opportunity to determine the

accuracy of the values of those items fixed by management and reflected in respondent's financial statement[s] which bear on book value" (*Tatko*, 173 AD2d at 918-919).

As noted, however, we agree with respondent that the scope of inspection granted by the court is overly broad, and we conclude that the court should have conducted a hearing "to determine the proper scope of inspection" (*Dyer*, 2 AD3d at 1197; *see Troccoli*, 259 AD2d at 755; *Tatko*, 173 AD2d at 919). "[A]lthough the scope of the inspection right is broad . . . , it is limited to those documents which in the trial court's exercise of reasonable discretion the situation requires be reviewed" (*Tatko*, 173 AD2d at 919). Because petitioner sought to verify respondent's book value to determine the correct value of his shares, "petitioner's right of inspection should be limited to those books and records relevant and necessary to establish the book value of respondent's stock" (*id.*). We therefore modify the judgment by striking exhibit A attached to the judgment, which sets forth the books and records to be inspected, and we remit the matter to Supreme Court for a hearing to determine the proper scope of inspection. Present—Martoche, J.P., Smith, Centra, Lunn and Peradotto, JJ.