JAMES LAPSLEY, Appellant, v SORFIN INTERNATIONAL, LTD., Respondent. [843 NYS2d 141]—

In a hybrid action for a judgment declaring that the value of James Lapsley's stock in Sorfin International, Ltd., should be determined by fair market value rather than book value as provided for in the parties' agreement, and proceeding, in effect, pursuant to CPLR article 78 and Business Corporation Law § 624 to compel the production of the books and records of Sorfin International, Ltd., James Lapsley appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated February 10, 2006, which (a) denied the petition and granted the motion of Sorfin International, Ltd., to dismiss the proceeding and directed that the value of James Lapsley's shares shall be determined by book value, and (b) denied his motion pursuant to CPLR 602 (a) to consolidate the instant hybrid action and proceeding with his pending action to recover damages based upon age discrimination.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment declaring that the value of James Lapsley's stock in Sorfin International, Ltd., shall be determined by book value.

Pursuant to a stock purchase and shareholders agreement between, among others, the parties, James Lapsley's resignation from his employment triggered a buy-out provision which provided for the redemption of his shares in Sorfin International, Ltd. (hereinafter the corporation), based upon book value. Book value was defined therein as the corporation's net worth as "determined from the prior year's balance sheet" prepared by the corporation's "regular outside certified public accountant . . . plus any accrued assets thereafter less any accumulated liabilities," with "[s]uch determination . . . made in accordance with generally accepted accounting principles."

Where the parties agree that, upon the sale to a corporation

by a shareholder of his stock, "the accountant's report would be final as to what the books showed, a party is entitled solely to an accountant's unchallenged report, and an audit of the books and records is not permitted" (*Matter of Glassman v Louis Shiffman, Inc.,* 56 AD2d 824, 824 [1977]). Although the corporation's regular certified public accountant expressed no opinion as to supplemental material relating to the costs of goods sold and administrative expenses, Lapsley's own accountant acknowledged that "[g]enerally accepted auditing standards permit a certified audit to be performed with either the inclusion or exclusion of an opinion on this supplemental information" (*see Matter of Tatko v Tatko Bros. Slate Co.,* 173 AD2d 917, 918 [1991]).

A claim of waste of corporate assets may be a basis for limited review of the books and records, but such requests must be granted cautiously, and may not be based upon unsupported claims (*see Matter of Camhe-Marcille v Sally Lou Fashions Corp.,* 289 AD2d 162 [2001]). Lapsley's conclusory claims of corporate waste are insufficient to justify a limited review of the books and records of the corporation.

Lapsley's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate judgment declaring that the value of James Lapsley's stock in Sorfin International, Ltd., shall be determined by book value (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed,* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.