■ EMPIRE 33RD LLC, Appellant, v THE FORWARD ASSOCIATION INCORPORATED et al., Respondents. [928 NYS2d 282]—

Plaintiff, a putative purchaser, seeks to recover the $5,350,000 down payment it made under a contract with the board of directors of defendant nonprofit corporations for the purchase of real property comprising substantially all of defendants' corporate assets. The sale of the property was authorized by the Supreme Court, in an order dated September 25, 2007, pursuant to section 511 of the Not-For-Profit Corporation Law. Plaintiff commenced this action seeking, as a first cause of action, a judgment declaring the contract null and void. The complaint further alleges—as additional, unspecified causes of action—that defendants made material misrepresentations, that plaintiff was "wrongfully induced" to enter into the purchase agreement and that plaintiff has an equitable lien on the property for the amount of its down payment.

Defendants interposed this pre-answer motion to dismiss the complaint on the record (CPLR 3211 [a] [1], [7]). In support of

the motion, defendants submitted an affidavit from an executive officer of defendant the Workmen's Circle/Arbeter Ring, Inc. (WC/AR) stating that at the 2008 WC/AR National Convention, a resolution was adopted approving the sale at issue. The minutes and resolution of the meeting were also submitted. In opposition, plaintiff argued that while the not-for-profit corporations had obtained the requisite judicial leave to make the sale (N-PCL 510 [a] [3]), such leave was fraudulently obtained. According to plaintiff, the petition falsely represented that approval of the membership of defendant WC/AR was not required because its constitution gives the board of directors full power over corporate affairs and corporate property. Plaintiff asserted that neither the constitution nor the bylaws limit the right of the membership to vote on the disposition of corporate property (N-PCL 510 [a] [1]).

Defendants did not submit reply papers. However, at oral argument, they contended that judicial approval of the transaction having been obtained, the sale is immune from any attack predicated on the corporation's purported lack of authority to make the conveyance (N-PCL 203). As a result, they asserted, plaintiff is without standing to contest the order approving the sale. Plaintiff responded that if deprived of the opportunity to contest the validity of the proposed conveyance in this action, it would be left without a remedy should a title company refuse to insure title, stating, "Under their theory, your Honor, I'm stuck at that closing. I have no remedy. I have no standing." Supreme Court sided with defendants and dismissed the complaint in its entirety.

Plaintiff's action is at best premature (see *American Ins. Assn. v Chu*, 64 NY2d 379, 385 [1985], *cert denied and appeal dismissed* 474 US 803 [1985]). In addition, its protestation that it is without a remedy is specious, and a declaratory judgment is unnecessary where a plaintiff can be accorded complete relief at law. The record before us contains no indication that any exception has been raised to the insurability of title to the property. In any event, the contingency on which plaintiff postulates an inability to convey title is a *prospective* decision by a third-party insurer to decline to issue title insurance. This contemplated future event is beyond the control of the parties and may never occur; thus, plaintiff is seeking an impermissible advisory opinion, which the courts must decline (*Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354-355 [1988]; *American Ins. Assn.*, 64 NY2d at 385-386).

The three remaining causes of action of the complaint are inartfully drafted and likewise deficient. The fraud claims

(second and third causes of action) were properly dismissed both for lack of the necessary particularity (CPLR 3016 [b]; *see Hu v Ziming Shen*, 57 AD3d 616, 619 [2008]) and as duplicative since they do not allege the breach of a duty independent of the contract (*see Baker v Norman*, 226 AD2d 301, 304 [1996], *lv dismissed* 88 NY2d 1040 [1996]). Thus, plaintiff is consigned to its contractual remedies (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]). Finally, even assuming for purposes of this motion the falsity of defendants' representation concerning their authority to convey the property (*Leon v Martinez*, 84 NY2d 83, 87 [1994]), consideration of the fraud claims is premature. That a title company might refuse to insure title irrespective of the judicial approval of the sale and the statutory presumption of Not-For-Profit Corporation Law § 203 is not an occurrence within defendants' expectation so as to sustain an action for fraud (*cf. Cristallina v Christie, Manson & Woods Intl.*, 117 AD2d 284, 294-295 [1986]).

The fourth cause of action is devoid of merit. Plaintiff has an equitable lien against the property in the amount of its down payment as a matter of law (*see Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 405 [1983]; *Sloan v Pinafore Homes*, 38 AD2d 718 [1972]), and this cause of action was properly dismissed as academic.

Reduced to its essentials, this is a garden-variety real estate transaction in which a party seeks to avoid its obligations under the contract due to the asserted inability of the other party to consummate the sale. In the absence of anticipatory breach (not asserted here), the parties have until the time designated for performance to fulfill their contractual obligations, that is, until closing of title (*Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 268 [1995]). From plaintiff's perspective, one of two possible outcomes will obtain on that occasion: (1) defendants will be able to convey good and insurable title, thereby obligating plaintiff to consummate the sale or (2) defendants will be unable to convey good and insurable title, in breach of the contract, thereby entitling plaintiff to the return of its down payment (*see Stadtmauer v Brel Assoc. IV*, 270 AD2d 59, 60 [2000]). Only in the event that defendants fail to refund plaintiff's deposit will an actual controversy exist warranting resort to the judicial forum. Thus, plaintiff has a complete remedy at law, and there is no reason for a court to pass on the hypothetical defect in title plaintiff presently postulates. Concur—Tom, J.P., Mazzarelli, Acosta, DeGrasse and Román, JJ. **[Prior Case History: 27 Misc 3d 1204(A), 2010 NY Slip Op 50545(U).]**