JULIO HERENCIA, Respondent, v CENTERCUT RESTAURANT CORP. et al., Appellants, et al., Defendant. [938 NYS2d 286]—

Since the terms of the shareholders' agreement were not met, the exercise of redemption rights by defendants was ineffectual (*see Cho v 401-403 57th St. Realty Corp.*, 300 AD2d 174 [2002]; *Tornick v Dinex Furniture Indus.*, 148 AD2d 602 [1989]; *see also Stephenson v Drever*, 16 Cal 4th 1167, 947 P2d 1301 [1997]; *compare Gallagher v Lambert*, 74 NY2d 562, 567 [1989]; *Ingle v Glamore Motor Sales*, 73 NY2d 183, 189 [1989]).

Under the terms of the agreement, defendants' termination of plaintiff's employment did not divest plaintiff of his status as a minority shareholder. Defendants, majority shareholders who managed the corporation, therefore owed him a fiduciary duty (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 278 [2011]). In addition, the sale of his stock to defendants presented a valid reason for plaintiff to inspect financial records relating to the value of his individual holdings (*see Matter of Waldman v Eldorado Towers*, 25 AD2d 836, 837 [1966], *affd* 19 NY2d 843 [1967]), particularly since the method of valuation agreed upon in the repurchase agreement was not used (*see Matter of Glassman v Louis Shiffman, Inc.*, 56 AD2d 824, 824-825 [1977], *appeal dismissed* 42 NY2d 910 [1977]).

The fraud claim both lacks the necessary particularity and fails to allege the breach of a duty independent of the agreement (CPLR 3016 [b]; *Empire 33rd LLC v Forward Assn. Inc.*, 87 AD3d 447, 448-449 [2011]). Concur—Tom, J.P., Sweeny, Acosta, Renwick and Román, JJ.