# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**721**

**CA 11-02520**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF THEODORE S. LIAROS,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TED'S JUMBO RED HOTS, INC., SPIRO T. LIAROS,
PETER T. LIAROS AND THECLY LIAROS ORTOLANI,
RESPONDENTS-APPELLANTS.

---

PHILLIPS LYTLE LLP, BUFFALO (ALAN J. BOZER OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

HODGSON RUSS LLP, BUFFALO (JEFFREY C. STRAVINO OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (John A. Michalek, J.), dated March 17,
2011 in a proceeding pursuant to CPLR article 78. The judgment, among
other things, granted the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the first decretal
paragraph and as modified the judgment is affirmed without costs, and
the matter is remitted to Supreme Court, Erie County, for a hearing in
accordance with the following Memorandum: Petitioner commenced this
CPLR article 78 proceeding to compel respondents to produce certain
records for inspection pursuant to Business Corporation Law § 624,
CPLR 3102 (c), and the common law. Petitioner is a former employee of
respondent corporation, Ted's Jumbo Red Hots, Inc., and is the
majority equity shareholder of the corporation. In seeking access to
the records, petitioner alleged that his purposes were to protect his
interests as a shareholder, to ascertain whether the corporation was
being mismanaged, and to evaluate his shareholdings. Supreme Court,
inter alia, granted the petition. We agree with respondents that the
court abused its discretion in granting the petition without first
holding a hearing to determine whether petitioner was acting in good
faith and sought inspection for a proper purpose and, if so, without
holding a hearing to determine the proper scope of inspection. We
therefore modify the judgment accordingly, and we remit the matter to
Supreme Court to conduct such a hearing.

Initially, we note that this appeal is not moot. The parties
entered into a stipulated order after entry of the judgment on appeal.
Although the stipulated order states that the parties conferred about

the judgment on appeal, the stipulated order does not explicitly or implicitly supersede or modify the judgment and specifically states that the parties otherwise reserved all rights (*cf. Matter of Burkhart v Webber*, 273 AD2d 125, *lv denied* 96 NY2d 702).

" 'It is well settled that a shareholder has both statutory and common-law rights to inspect the books and records of a corporation if inspection is sought in good faith and for a valid purpose' " (*Matter of Dwyer v Di Nardo & Metschl, P.C.*, 41 AD3d 1177, 1178; *see* Business Corporation Law § 624; *Matter of Crane Co. v Anaconda Co.*, 39 NY2d 14, 18-20). Petitioner sufficiently pleaded and proved under both section 624 and the common law that he had a proper purpose (*see Crane Co.*, 39 NY2d at 18-20; *Matter of Troccoli v L & B Contr. Indus.*, 259 AD2d 754, 754-755; *Matter of Tatko v Tatko Bros. Slate Co.*, 173 AD2d 917, 917-918). Thus, it was respondents' burden to show bad faith or an improper purpose such that a hearing is required to resolve the issue (*see Matter of Dyer v Indium Corp. of Am.*, 2 AD3d 1195, 1196; *Matter of Marcato*, 102 AD2d 826, 826), and we conclude that they met their burden.

"Improper purposes are those which are inimical to the corporation, for example, to discover business secrets to aid a competitor of the corporation, [or] to secure prospects for personal business" (*Tatko*, 173 AD2d at 917-918). Respondents raised an issue of fact whether petitioner was acting for the improper purpose of obtaining personal business or a competitive advantage by stating their belief that petitioner intended to open competing restaurants, the basis for their belief, and the ways in which the documents requested were overbroad for petitioner's stated purposes and would grant petitioner a competitive advantage. Thus, a hearing is required to determine whether petitioner is acting in good faith and with a proper purpose.

If the court determines that petitioner is acting with a proper purpose, then the court must further determine the proper scope of the documents to which petitioner is entitled. Petitioner has admitted on appeal that he does, in fact, operate a business similar to respondents' business. Although his status as a competitor does not in itself render him ineligible to receive access to the information he requested (*see generally People ex rel. Ludwig v Ludwig & Co.*, 126 App Div 696, 702), his right of inspection should be limited to those documents, records, and information relevant and necessary to his proper purposes, and a hearing is necessary to define the scope of inspection (*see Dwyer*, 41 AD3d at 1179; *Dyer*, 2 AD3d at 1197; *Tatko*, 173 AD2d at 919). "Additionally, if inspection is granted, certain information might need to be expunged because of the parties' competitive relationship" (*Marcato*, 102 AD2d at 826), and "the inspection . . . may not unduly disturb the corporation in the conduct of its affairs" (*Matter of Bondi v Business Educ. Forum*, 52 AD2d 1046, 1047).

Finally, we reject petitioner's alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546). Contrary to petitioner's contention, the court did not

grant the petition based upon CPLR 3102 (c), governing pre-action disclosure.  In any event, petitioner was not entitled to pre-action disclosure (*see Matter of Zeigler v City of New York*, 65 AD3d 1159, 1159-1160; *Matter of Henry [CSX Transp., Inc.]*, 43 AD3d 1445, 1446; *Matter of Uddin v New York City Tr. Auth.*, 27 AD3d 265, 266).

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court