Jawara v Araka (2025 NY Slip Op 02130)

Jawara v Araka

2025 NY Slip Op 02130

Decided on April 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 10, 2025

Before: Kern, J.P., Kennedy, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 35429/19|Appeal No. 4092|Case No. 2024-01498|

[*1]Abubacarr Jawara et al., Plaintiffs-Appellants,
v
Benedict E. Araka, Defendant-Respondent.

Anele & Associates, Queens Village (Irene Nwanyanwu of counsel), for appellants.
Law Office of Joseph N. Obiora, Jamaica (Joseph N. Obiora of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about November 14, 2023, which, after a nonjury trial, denied plaintiffs' request for specific performance, unanimously affirmed, without costs.
The trial court properly denied plaintiffs' request for specific performance compelling defendant to sell the real property pursuant to their contract of sale executed in or around April 2018. The contract required plaintiffs to make a $10,000 downpayment due upon signing. It also gave defendant the option to cancel the contract if plaintiffs did not obtain a mortgage commitment within 45 days of the contract's execution. Plaintiffs gave defendant's attorney a cashier's check for $10,000 on May 7, 2018.
On March 14, 2019, at which time plaintiffs still had not received a mortgage commitment, plaintiffs asked defendant for the return of their $10,000 downpayment. Plaintiff Aicha Traore testified that this was because the check had expired, and a new one needed to be issued. Defendant returned the check, which plaintiffs deposited. Plaintiffs did not thereafter give defendant a replacement downpayment check.
Plaintiffs' failure to re-pay the downpayment after they received the check back from defendant rendered plaintiffs in breach, excusing defendant from further performance (see Perlman v Israel & Sons Co., 306 NY 254, 257 [1954]). The breach also meant that plaintiffs were not entitled to specific performance (see 301 E. 60th St. LLC v Competitive Solutions LLC, 217 AD3d 79, 85 [1st Dept 2023]; Stadtmauer v Brel Assoc. IV, 270 AD2d 59, 60 [1st Dept 2000]).
We have considered plaintiffs' remaining contentions and find them unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 10, 2025